COMMONWEALTH *vs.* AMADO C. DURAN. March 3, 1971. The defendant appeals under G. L. c. 278, §§ 33A–33G, from conviction on indictments charging him with possession of heroin with intent unlawfully to sell and with the unlawful possession of heroin. The only assignment of error argued is that certain evidence seized under a search warrant should have been suppressed because the facts set forth in the affidavit did not constitute probable cause to search the hotel room where the evidence was found. The affidavit, made by a police officer, recites information given by an informant "who has proved reliable in the past in the arrest and conviction of" named individuals. It states that two other policemen observed the defendant and another, pointed out by the informant, as they entered and left the home of a named "known heroin pusher," as they exchanged glassine bags for money with "known heroin addicts," and as they went into and left the hotel, that the two men were followed and arrested after leaving the hotel and were in possession of a quantity of heroin, that a policeman who followed them to the hotel "received info they are staying in Room 838 of this hotel," and that "[o]ur reliable informant also states there is a large quantity of Heroin at this address." The independent corroboration by the police was more than adequate to establish the reliability of the information as to the room number and to warrant a finding of probable cause. *Commonwealth* v. *Franklin, ante,* 416, 423.

*Judgments affirmed.*

*Reuben Goodman & Alexander Whiteside, II*, for the defendant, submitted a brief.
*James J. Gillis*, Assistant District Attorney, for the Commonwealth.