COMMONWEALTH *vs.* FREDERICK N. HOUSTON. June 6, 1974. These appeals under G. L. c. 278, §§ 33A-33G, attack the sufficiency of an affidavit in support of an application for a search warrant (G. L. c. 276, § 2B, inserted by St. 1964, c. 557, § 3) used to search a house and seize items introduced at a trial in which the defendant was found guilty of possession of heroin with intent to sell (Indictment No. 61800) and illegal possession of firearms (Indictment No. 61982). He was sentenced on Indictment No. 61800; Indictment No. 61982 was placed on file, and in the circumstances we do not consider the appeal on that indictment. *Commonwealth* v. *Subilosky,* 352 Mass. 153, 165 (1967). Contrast *Commonwealth* v. *Boone,* 356 Mass. 85, 88 (1969). From the affidavit it appears that the affiant, a police officer, received information from an informant that a 1971 Cadillac bearing a specified registration number was being used to deliver drugs from a specified house to a specified area in Dorchester. The affidavit then states that the vehicle was followed from the house to the specified area where "known dealers of narcotic drugs, [were] observed to approach the vehicle and pass what appeared to be money and received what appeared to be a bundle of heroin. Observations made from undercover vehicle in the area [*sic*]." The affidavit in this case is enough like the affidavit held sufficient in *Commonwealth* v. *Duran,* 358 Mass. 825 (1971), so as to require the same result. The affidavit in this case does not state in so

many words, as did the affidavit in the *Duran* case, that police officers (naming them) had made the observations. And it is highly undesirable to fail to state in an affidavit just who did what because it may result in an ambiguity which might cast doubt on the validity of the warrant. See *Commonwealth* v. *Causey*, 356 Mass. 125, 127 (1969). In this case, however, reading the affidavit as a whole, the common sense inference is that the police, responding to the informer's tip and using an "undercover vehicle," followed the 1971 Cadillac pointed out by the informer. The information which the surveillance yielded, as set out in the affidavit, established probable cause for the issuance of a warrant to search the house. *Commonwealth* v. *Rossetti*, 349 Mass. 626 (1965), cited by the defendant, has no application. Here the affidavit sets out observations by the police, albeit it is not clear whether they were made by the affiant or others. But a statement by an affiant of observations made by other police officers was held sufficient in the *Duran* case. See *United States* v. *Ventresca*, 380 U. S. 102, 111 (1965). See also *Commonwealth* v. *Snow*, 363 Mass. 778, 782-783 (1973). In the *Rossetti* case, on the other hand, the affidavit did not indicate whether the information given by the F.B.I. agent came from his own observation, or was information which he himself had gathered from other unspecified sources. The *Rossetti* case, at 632. *Commonwealth* v. *Pope*, 354 Mass. 625, 628 (1968).

*Judgment affirmed.*

*Albert L. Hutton, Jr.,* for the defendant.

*Elizabeth C. Casey,* Special Assistant District Attorney (*Robert Snider,* Special Assistant District Attorney, with her) for the Commonwealth.

