COMMONWEALTH *vs.* NATHAN ANDERSON.

Suffolk.   April 3, 1972. — June 5, 1972.

Present: TAURO, C.J., SPIEGEL, BRAUCHER, & HENNESSEY, JJ.

*Search and Seizure.   Probable Cause.*

Affidavits in support of search warrants are to be tested and interpreted in a commonsense and realistic manner.   [75]

Probable cause for issuance of a search warrant for narcotics in a certain apartment was shown by an affidavit which averred belief of the affiant that narcotics were kept in the apartment by a described person and that the affiant's belief was based on the facts that during police surveillance during twenty-five days known drug users had been seen entering and leaving the apartment, that on one occasion a police officer overheard an argument outside the apartment about "the poor quality of cocaine . . . sold," and that an informant "proved reliable in the past" "now states" that the described person was selling narcotics from the apartment and on one occasion offered to sell the informant some.   [76–78]

INDICTMENTS found and returned in the Superior Court on June 9, 1970.

The cases were heard by *Bennett, J.*

*Thomas G. Shapiro* for the defendant.

*Alfred E. Saggese, Jr.,* Legal Assistant to the District Attorney, for the Commonwealth.

TAURO, C.J.   The defendant appeals under G. L. c. 278,

---

§§ 33A–33G, from convictions on indictments charging
him with unlawful possession with intent to sell a nar-
cotic drug, cocaine, and with unlawful possession with
intent to sell a narcotic drug, cannabis (marihuana).
G. L. c. 94, §§ 197, 217B, both as amended. The defend-
ant argues that the trial judge erred in admitting in
evidence certain property seized and certain statements
made by the defendant as a result of an alleged illegal
search and seizure. Specifically, the defendant urges
that the affidavit in support of the search warrant did
not contain facts, information, and circumstances suffi-
cient to establish grounds for the issuance of the warrant
and further that it did not establish probable cause for
the date that the warrant was applied for and issued.
The pertinent portions of the affidavit are set forth in
the margin.[1]

In determining the sufficiency of the affidavit, we are
guided by the often quoted language in *United States* v.
*Ventresca,* 380 U. S. 102, 108, and *United States* v.
*Harris,* 403 U. S. 573, 577: "[A]ffidavits for search war-
rants . . . must be tested and interpreted by magis-
trates and courts in a commonsense and realistic fashion."
The affidavit is based in part on hearsay information;
therefore, we must first determine its adequacy under the
standards of *Aguilar* v. *Texas,* 378 U. S. 108.[2] If the

---

[1] "As a result of an investigation into the 3rd floor apt. located at
29 Creston St. Roxbury I have reason to believe and do believe that
Narcotic Drugs are being stored in said apt. by a colored male known
as Nate. My belief is based on the following facts. Known Drug
users have been observed by myself and other officers within the past
twenty-five days entering and leaving the above apt. On one occasion
officer Thomas Moran of CID overheard 2 men engaged in an argu-
ment with a third man outside the 3rd floor apt. relative to the poor
quality of Cocaine they had been sold. An informant who has proved
reliable in the past in connection with the arrest and convection [*sic*]
of Danny Griffin, Louis Jones, John L. Anderson and others for the
illegal sale of Narcotic Drugs, now states that a colored male by the
name of Nate is selling Cocaine and Marijuana from the above apt.
and on one occasion Nate offered to sell the informent [*sic*] some
Heroin."

[2] "[T]he magistrate must be informed of some of the underlying
circumstances from which the informant concluded that the narcotics
were where he claimed they were and . . . that the informant . . .
was 'credible' or . . . 'reliable.'" *Id.* at 114.

informant's tip is inadequate under the *Aguilar* case, other allegations which corroborate the informant's tip are then to be considered. *Spinelli* v. *United States,* 393 U. S. 410, 415. See *United States ex rel. Kislin* v. *New Jersey,* 429 F. 2d 950, 952 (3d Cir.) ; *United States* v. *Fuller,* 441 F. 2d 755, 759 (4th Cir.).

The informant's reliability was established by setting forth previous examples of his assistance in apprehending drug offenders. See *United States* v. *Dunnings,* 425 F. 2d 836, 839 (2d Cir.), cert. den. sub nom. *Dunnings* v. *United States,* 397 U. S. 1002; *United States* v. *Shipstead,* 433 F. 2d 368, 372 (9th Cir.) ; *United States* v. *Becker,* 334 F. Supp. 546, 550 (S. D. N. Y.). Cf. *Von Utter* v. *Tulloch,* 426 F. 2d 1, 3 (1st Cir.), cert. den. sub nom. *Tulloch* v. *Von Utter,* 400 U. S. 826. The tip by itself does not contain sufficient information of the "underlying circumstances" required to support the informant's conclusion that the defendant was selling narcotic drugs at a particular time. Although it does contain an averment that the defendant offered to sell some heroin to the informant, it fails to specify the time and location where the offer occurred. See *Rosencranz* v. *United States* 356 F. 2d 310, 316–317 (1st Cir.). It does not follow, however, that the search warrant was issued without probable cause. See *Commonwealth* v. *Moran,* 353 Mass. 166, 171.

Other allegations in the affidavit provided a substantial basis for crediting the informer's tip. The tip was corroborated "through other sources of information . . . [thus reducing] the chances of a reckless or prevaricating tale . . .." *United States* v. *Harris,* 403 U. S. 573, 581, quoting from *Jones* v. *United States,* 362 U. S. 257, 271. See *United States ex rel. Kislin* v. *New Jersey,* 429 F. 2d 950, 953–955 (3d Cir.) ; *United States* v. *Singleton,* 439 F. 2d 381, 384–385 (3d Cir.). There was a police surveillance of the premises during which time known drug users were observed entering and leaving the defendant's apartment. A magistrate is permitted to rely on a policeman's knowledge of a suspect's reputation,

*United States* v. *Harris, supra,* at 583, and we therefore perceive no reason why reliance cannot be placed on a policeman's knowledge of the reputations as drug users of persons frequenting the defendant's apartment in assessing the reliability of the informant's tip. In addition, one officer overheard an argument outside the defendant's apartment relative to the quality of cocaine that was sold.

Reasonable inferences may be drawn by the magistrate from all the information submitted in the affidavit in assessing its sufficiency. *Rosencranz* v. *United States,* 356 F. 2d, 310, 314 (1st Cir.). See *Commonwealth* v. *Brown,* 354 Mass. 337, 345. The affidavit was capable of the legitimate inference that there was only one third floor apartment in the building. The defendant's argument that there was no probable cause existing on the date of the issuance of the warrant is not persuasive. The affidavit stated that the surveillance occurred "within the past twenty-five days," and this could well include observations up to the date of the affidavit. See *United States* v. *Harris, supra,* at 579. The affidavit alleges that the informant "now states . . . [the defendant] is selling" which indicates that the selling was presently occurring and which was corroborated by the police surveillance. Admittedly, it is difficult to state with any certainty when the "one occasion . . . [the defendant] offered to sell [to] the informent [*sic*]" occurred; however, when the statement is considered with other portions of the affidavit, it is capable of an interpretation which supports the finding of probable cause. It indicates that the defendant was a seller of narcotics even though it is not definite when a sale was made to the informant. When read in conjunction with the word "now" in the first part of the sentence, the sale could be inferred to have occurred recently. "[W]here . . . circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause," the warrant should not be invalidated "by interpreting the affidavit

in a hypertechnical, rather than a commonsense, manner." *United States* v. *Ventresca,* 380 U. S. 102, 109. Sufficient allegations were made which when combined with the informant's tip "would permit . . . a judgment that a crime was probably being committed." *Spinelli* v. *United States,* 393 U.S. 410, 418.

*Judgments affirmed.*