COMMONWEALTH vs. VICTOR VYNORIUS.

Middlesex.   September 15, 1975. — November 3, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Search and Seizure.   Probable Cause.*

An affidavit by a police officer, in support of an application for a search warrant for certain controlled substances, relating an informant's story of two sales of marihuana to him, sufficiently set forth "some of the underlying circumstances" from which the informant derived the information supplied [18-21]; and the affidavit sufficiently established the reliability of the informant through recitals of his furnishing accurate information for a police investigation, of his participation in drug law violations, and of his activities which corroborated his story and matched facts developed independently by police [21-22].

An affidavit by a police officer, in support of an application for a search warrant for certain controlled substances in an apartment in which the defendant resided, sufficiently set forth probable cause to believe that at the time of the application marihuana was stored there, although the affiant's informant did not so observe or infer, where the affidavit justified a conclusion that marihuana for sales to the informant was concealed in the apartment and that it was present there when the warrant was issued, which was three days after the informant had purchased marihuana in one of a number of marihuana sales.   [22-26]

THREE COMPLAINTS received and sworn to in the Second District Court of Eastern Middlesex, one on February 16, 1974, and two on March 12, 1974.

The cases were heard by *Tuttle*, J.

*Henry A. Follen, Jr.*, for the defendant.

*Bonnie H. MacLeod-Griffin*, Assistant District Attorney, for the Commonwealth.

TAURO, C.J.   After a jury waived trial in a jury of six session of a District Court, the defendant was found guilty

on complaints charging him with possession of certain controlled substances[1] and possession of marihuana with intent to distribute. G. L. c. 94C, §§ 32, 34. The case is before us on the defendant's bill of exceptions. G. L. c. 218, § 27A.[2]

On February 15, 1974, police officers executed a warrant to search an apartment in Waltham in which the defendant resided. In the course of their search, they discovered and seized from the defendant's bedroom quantities of marihuana, LSD and amphetamines and various paraphernalia useful in the storage, handling and consumption of these substances. The defendant was on the premises at the time of the search. Prior to trial, the defendant seasonably moved to suppress all evidence seized in the course of this search. The judge denied his motion, and he saved an exception to such denial.

The bill of exceptions raises a single issue. The defendant contends that the affidavit submitted in support of the police application for the search warrant did not contain "facts" sufficient to establish probable cause for a search. Specifically, he argues (1) that the affidavit, which was based in part on hearsay information supplied by an informant, did not satisfy the two-pronged test for reliability of such hearsay developed in *Aguilar* v. *Texas,* 378 U.S. 108 (1964), and *Spinelli* v. *United States,* 393 U.S. 410 (1969), and (2) that the allegations of the affidavit taken as a whole would not support an inference that a controlled substance, i.e., marihuana, was concealed in the premises to be searched at the time of the

---

[1] Marihuana, LSD and amphetamines.

[2] The case comes before us directly from the District Court, presumably because of the language relating to appeals to this court, contained in G. L. c. 218, § 27A, inserted by St. 1972, c. 620, effective July 1, 1972. Neither party has raised the question whether, by reason of G.L. c. 211A, § 10, inserted by St. 1972, c. 740, § 1, approved July 17, 1972, the case should have been entered initially in the Appeals Court.

issuance of the warrant.[3]    Pertinent portions of the
affidavit are reproduced in the margin.[4]

---

[3] For ease of discussion, these principal contentions have been dis-
tilled from the defendant's argument challenging the sufficiency of
the affidavit.

[4] Officer Chiacchio of the Waltham police department set forth the
following information in his affidavit: "2. On February 15, 1974, at
approximately 3:30 A.M., and while with Officer David Sennett on
cruiser patrol, I stopped a reliable informant on Moody Street, near
Washington Avenue, in Waltham.    My reason for stopping him was
that he appeared to be high, nervous, and his general manner was
that of a suspicious person.    Based upon the time of day, (3:30 AM),
and the location and circumstances, I questioned him in an effort to
determine what he was doing.    He was evasive in his answers.    I
noticed bulges in both pockets of his coat at this time.    He was
wearing a 3/4 length brown corduroy coat.    I asked him what he
had in his pockets, and he was again evasive.    After a brief discussion,
he said that he had two bags of grass (marijuana) in his pockets.    He
then turned over to me, the two bags of marijuana, and a pipe which
was used for smoking the marijuana which still contained the residue
of marijuana in it.    When asked where he had obtained the mari-
juana, he stated that he bought it on Tuesday, February 12, 1974,
at approximately 3:00 PM, from a person known to him as Billy
Brody, who is about 17 or 18 years of age.    The informant has
proven his reliability in the past.    At approximately the first week in
November, 1973, I had occasion to investigate the theft of a battery
from an automobile on Norumbega Terrace in Waltham.    As a result
of information received from this informant at that time, the battery
was recovered and returned to the rightful owner.    Since it was a
question of juveniles involved in the theft of the battery, a 'station
house adjustment' was made without prosecution. The informant now
reliably states that on last Tuesday, February 12th, he purchased the
marijuana in question for $40.00.    He said that the seller was Billy
Brody, and that the purchase was made in the Moody Street play-
ground in the following manner: After the verbal agreement was
made, Billy Brody left the playground, and walked north on Moody
Street, after saying he would be back shortly.    About twenty minutes
later, Billy returned with the marijuana, and the sale was consum-
mated.    The informant further stated that Billy Brody is not the
seller's true name.    He does not know the seller's true name, but
knows that he attends the Vocational School in Waltham, and came
to Waltham from California about two years ago.    My informant
stated that he knows that Billy Brody lives at 129 Brown Street, be-
cause he was outside the house on a previous occasion when he pur-
chased marijuana from Billy.    In a conversation with Sgt. Bernard
Chiasson of the Waltham Police Department, I learned that he had

Under the "two-pronged" test of *Aguilar* v. *Texas*, 378 U.S. 108, 114 (1964), the police may rely on hearsay information or informant's tips in their affidavits supporting applications for warrants if the affidavits inform the "magistrate"[5] issuing the warrant of "some of the underlying circumstances" from which the informant derived the information he supplied the affiant and "some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.'" See *Spinelli* v. *United States*, 393 U.S. 410, 415-416 (1969); *Commonwealth* v. *Hall*, 366 Mass. 790, 797 (1975), and cases cited; *Commonwealth* v. *Stevens*, 362 Mass. 24, 26-27 (1972); *Commonwealth* v. *Stewart*, 358 Mass. 747, 750 (1971). If the informant's tip, standing alone, is found to be insufficiently reliable under *Aguilar*, other independent allegations contained in the affidavit which corroborate the tip should then be considered. *Commonwealth* v. *Anderson*, 362 Mass. 74, 75-76 (1972). *Commonwealth* v. *Avery*, 365 Mass. 59, 62-63 (1974). *Spinelli* v. *United States, supra* at 415.

---

received information that a young person by the name of Brody was selling marijuana in both Como's Restaurant, and Champions Pub, both on Moody Street in Waltham. My informant said that Brody is a small young man with long hair, and Sgt. Chiasson agreed with the description as he knows it.

"The house at 129 Brown Street is occupied by a Vynorius family. Living in the apartment is one William Vynorius, 16 years, whose date of birth is March 23, 1957. William Vynorius attends school at the Waltham Vocational School, and school records indicate that he came to the Waltham School system in August of 1971, having transferred from the Culver City, California, school district. It is my belief that Brody and Vynorius are one and the same person, and the address at 129 Brown Street, is about ten minutes walking distance (northerly) from the Moody Street Playground.

"In view of the reliability of my informant, and based upon the facts of this investigation so far, it appears that Vynorius is selling marijuana, and keeps his supply at the apartment at 129 Brown Street."

[5] The "magistrate" in the instant case was the clerk of a District Court. See *Commonwealth* v. *Stewart*, 358 Mass. 747, 749 (1971).

The principal information supplied by the informant here satisfies the first "prong" of the *Aguilar* test. The affidavit relates in detail the informant's story of a sale of marihuana to him by Billy Brody on February 12, 1974, and mentions a previous sale outside the house at 129 Brown Street. It could reasonably be inferred that the informant obtained his information concerning Billy Brody's background in the course of their drug dealings. Of the information supplied by the informant, only the informant's conclusion that Billy Brody lived in the house at 129 Brown Street is unacceptable under the first prong of the *Aguilar* test. The fact that business was transacted outside the house cannot establish that the seller lived within.

The instant affidavit also recites sufficient information to establish the reliability of the informant, the second "prong" of the *Aguilar* test. It describes a past occasion on which the informant had furnished police with accurate information: the information assisted a police investigation and resulted in the recovery of a stolen battery. See *Commonwealth* v. *Hall*, 366 Mass. 790, 797 (1975); *Commonwealth* v. *Snow*, 363 Mass. 778, 783 (1973); *Commonwealth* v. *Kane*, 362 Mass. 656, 659 (1972); *Commonwealth* v. *Anderson*, 362 Mass. 74, 76 (1972). The affidavit further describes the incident on February 15, 1974, in which the informant, when accosted by police, told the police of his transactions with Billy Brody and, at the same time, admitted participation in violations of the drug laws. Such admissions "carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search." *United States* v. *Harris*, 403 U.S. 573, 583 (1971) (opinion of Burger, C.J.). *Commonwealth* v. *Stewart*, 358 Mass. 747, 752 (1971). *United States* v. *Star*, 470 F.2d 1214, 1217 (9th Cir. 1972).

Other information set forth in the affidavit corroborates the informant's story and provides additional grounds for deeming him reliable. Details of the inform-

ant's story match the pattern of facts developed by independent police investigations. See *Commonwealth* v. *Stewart, supra* at 752; *Draper* v. *United States,* 358 U.S. 307, 313 (1959). According to information supplied by the affiant,[6] the background of William[7] Vynorius, who lived at the address mentioned by the informant, corresponded closely to that of the informant's marihuana salesman, who used the alias "Billy Brody." Vynorius was approximately the same age as Billy Brody and had transferred to the Waltham school system at approximately the time the informant said that Billy Brody had. Like Brody, William Vynorius attended the Waltham Vocational School. Information received by Sergeant Chiasson, another policeman, presumed reliable as a source of information (see *United States* v. *Ventresca,* 380 U.S. 102, 111 [1965]), from other, albeit anonymous and not clearly reliable (see *United States* v. *Harris,* 403 U.S. 573, 581 [1971] [opinion of Burger, C.J.]), sources confirmed that a young man using the name Billy Brody, whose description agreed with that given by the informant, was selling marihuana in the Waltham neighborhood where the informant's purchases had taken place.

Given the reliability of the informant and his information, we turn now to an examination of the sufficiency of the affidavit. In this case, unlike the typical search and seizure case, there is no direct evidence that contraband was stored in the premises. The informant did not

---

[6] Consistent with the injunction that we not interpret the affidavit in a "hypertechnical, rather than a commonsense, manner," *United States* v. *Ventresca,* 380 U.S. 102, 109 (1965), we assume that these allegations in the affidavit came either from the affiant's own knowledge and investigations or from those of reliable fellow officers.

[7] William Vynorius is not the defendant. Although the record contains no evidence of his relationship to the defendant, the Commonwealth's brief suggests that he may be the defendant's younger brother. In view of the fact that the issue before us concerns probable cause to search the apartment, we attach no significance to the fact that the person ultimately arrested was not the person on whom the police investigation and the affidavit focused.

observe marihuana in the apartment searched or draw the inference that marihuana was stored there. The inference was drawn by the police and the magistrate issuing the warrant. We must therefore address the question whether, accepting the reliable factual allegations in the affidavit as true, there was probable cause to believe that marihuana was stored in the apartment at the time of the application. We hold that there was such probable cause.

"In dealing with probable cause . . . as the very name implies, we deal with probabilities. . . . 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief . . . .' And this 'means less than evidence which would justify condemnation' or conviction . . .. Probable cause exists where 'the facts and circumstances within . . . [the magistrate's] knowledge and of which . . . [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that'" the object of the search is probably on the person or premises to be searched at the time the warrant is issued. *Commonwealth* v. *Stewart*, 358 Mass. 747, 749 (1971), quoting from *Brinegar* v. *United States*, 338 U.S. 160, 175-176 (1949). See *Spinelli* v. *United States*, 393 U.S. 410, 419 (1969). In the instant case, the affidavit contained, inter alia, the following information relevant to probable cause: that a young man using the name Billy Brody was selling marihuana in a neighborhood in Waltham; that one William Vynorius lived in an apartment in a house at 129 Brown Street in Waltham (cf. *United States* v. *Bailey*, 458 F.2d 408, 412 [9th Cir. 1972]); that at some indeterminate time Billy Brody had sold marihuana to a reliable police informant outside the house; that three days prior to the request for the search warrant Billy Brody made a sale of marihuana to the informant at a playground within a ten-minute walk from the apartment; and that Billy Brody had walked from the playground in the direction of the apartment and had returned approximately twenty

minutes later with the quantity of marihuana sold. From the sale outside William Vynorius's residence and other information disclosing the close similarity in background and age of Billy Brody and William Vynorius,[8] a magistrate could conclude that it was likely that "Billy Brody" was a pseudonym for William Vynorius. It would then be reasonable to infer from the conclusion and the other information in the affidavit bearing on the location of the seller's marihuana that William Vynorius, alias Billy Brody, had concealed the valuable marihuana for the sales to the informant in the above mentioned apartment. See *Commonwealth* v. *Haefeli,* 361 Mass. 271, 286 (1972)[9]; *Commonwealth* v. *Lillis,* 349 Mass. 422, 424 (1965); *United States* v. *Rahn,* 511 F.2d 290, 293-294 (10th Cir. 1975), cert. denied, 423 U.S. 825 (1975); *Agnellino* v. *New Jersey,* 493 F.2d 714, 727 (3d Cir. 1974); *United States* v. *Mulligan,* 488 F.2d 732, 736 (9th Cir. 1973), cert. denied, 417 U.S. 930 (1974); *Bastida* v. *Henderson,* 487 F.2d 860, 863 (5th Cir. 1973); *United States* v. *Lucarz,* 430 F.2d 1051, 1055 (9th Cir. 1970); *Vessels* v. *Estelle,* 376 F. Supp. 1303, 1309 (S.D. Tex. 1973), aff'd mem., 494 F.2d 1295 (5th Cir. 1974). Cf. *Commonwealth* v. *DeMasi,* 362 Mass. 52, 57 (1972). This is not a case such as *United States* v. *Whitlow,* 339 F.2d 975, 979 (7th Cir. 1964), relied on by the defendant, in which the information in the affidavit was the "rankest sort of hearsay." *United States* v. *Teller,* 412 F.2d 374, 378-379 (7th Cir. 1969), cert. denied, 402 U.S. 949 (1971). Nor is this a case such as *United States* v. *Flanagan,* 423 F.2d 745, 747 (5th Cir. 1970), in which a

---

[8] This information is considered in the text *supra* at 22.

[9] The Federal District Court has granted a writ of habeas corpus in the *Haefeli* case on grounds which do not affect the result here. The court found that a warrantless search of an automobile was improper and that a subsequent warrant based on evidence obtained in the warrantless search was a "fruit" of the illegal search. *Haefeli* v. *Chernoff,* 394 F. Supp. 1079 (D. Mass. 1975), appeal docketed, No. 75-1192, 1st Cir., June 3, 1975.

"statement . . . that a named person . . . has committed" a crime is used "without more [to] authorize the issuance of a warrant to search the residence of the accused miles" from the scene of the crime.

It would also be reasonable to infer that marihuana was present in the apartment at the time of the issuance of the search warrant. The reliable informant purchased marihuana from Billy Brody only three days prior to the issuance of the search warrant. Cf. *Rosencranz* v. *United States*, 356 F.2d 310, 316, 318 (1st Cir. 1966) ("undated, conclusory information"). As described by the reliable allegations in the affidavit, the sale was one of a number of marihuana sales by Billy Brody occurring over a period of time.[10] ". . . [W]here an affidavit recites a mere isolated violation then it is not unreasonable to believe that probable cause quickly dwindles with the passage of time. On the other hand, if an affidavit recites activity indicating protracted or continuous conduct, time is of less significance." *Bastida* v. *Henderson*, 487 F.2d 860, 864 (5th Cir. 1973). In balancing the probabilities, the magistrate could have concluded that, although marihuana is easily moved and poses a high likelihood of changing circumstances (see *Commonwealth* v. *Cromer*, 365 Mass. 519, 524 [1974]), it was probable that marihuana for further sales was stored in the apartment. See *United States* v. *Harris*, 403 U.S. 573, 579 n. (1971) (opinion of Burger, C.J.).

The information in the affidavit taken as a whole, together with inferences which reasonably could be drawn

---

[10] This is apparent from the information supplied by the informant. He reported two distinct transactions with Billy Brody, consummated in different places. These were likely not isolated transactions, but part of a continuing course of conduct. The information furnished by Sergeant Chiasson, though suspect under *Aguilar*, supports the conclusion that Billy Brody was selling marihuana regularly in the neighborhood. Cf. *Commonwealth* v. *Anderson*, 362 Mass. 74, 76-77 (1972) (policeman's knowledge of reputation); *United States* v. *Harris*, 403 U.S. 573, 583 (1971) (opinion of Burger, C.J.) (policeman's knowledge of reputation).

from the information by a magistrate, supported the conclusion that probable cause existed to search the apartment wherein the defendant resided. See *Commonwealth* v. *Stewart*, 358 Mass. 747, 752 (1971), and cases cited.

*Exceptions overruled.*