# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* ALAN R. GRISWOLD. January 5, 1977. 1. The only item seized at the defendant's home pursuant to the challenged search warrant which was admitted in evidence at the trial was a long black leather and cloth coat which was identified by a witness as being the same type of coat as one he had seen the defendant wearing approximately eight hours prior to the commission of the rape and burglary for which the defendant was subsequently indicted. The affidavit (executed three days after the offences) which formed part of the application for a warrant to search carefully identified premises for a coat of that general description stated (a) that the victim of the offences had described her attacker as wearing such a coat, (b) that subsequent investigation by the police had revealed that Alan R. Griswold had been wearing such a coat on the evening of the assault, (c) that six witnesses interviewed by the police had identified as Griswold's a hat found by the affiant in the victim's house on the evening of the assault, (d) that Griswold had been interviewed by the affiant concerning the assault, and (e) that the premises to be searched were "[p]resently occupied by Alan Griswold." The only point raised by the motion to suppress, argued at the pretrial hearing on that motion, or raised by the relevant assignment of error was that the contents of the affidavit were insufficient to support a finding of probable cause to believe that the coat would be found in the defendant's home. We reject any such contention, as we are of the opinion that the magistrate could reasonably infer (as the warrant shows he did) that an article of personal apparel such as the coat in question would probably be found in the suspect's home. See *Commonwealth* v. *Stewart,* 358 Mass. 747, 749, 752 (1971); *Commonwealth* v. *Anderson,* 362 Mass., 74, 77 (1972); *Commonwealth* v. *Vynorius,* 369 Mass. 17, 22-23 (1975). Contrast *Commonwealth* v. *Perada,* 359 Mass. 147, 149 (1971). 2. The evidence was sufficient to warrant the judge's findings (one of them express and the other clearly implied) that the defendant was given and understood the Miranda warnings at the outset of the interview (or custodial interrogation) conducted at the police station on April 20, 1975. See *Commonwealth* v. *Valliere,* 366 Mass. 479, 486 (1974). It may be true that the defendant was not specifically advised at the outset that questions would be directed to the rape and burglary which had been committed on April 19, as opposed to the unrelated assault on one Tripp which had been committed on April 18 and for which the defendant had previously been arrested and released. See *Collins* v. *Brierly,* 492 F. 2d 735, 738-739 (3d Cir.), cert. den. 419 U. S. 877 (1974). However that may be, the evidence at the voir dire lends no support whatsoever to the defendant's contention that he was tricked or cajoled into believing that the questioning would be limited to the

assault on Tripp. See and compare *Commonwealth* v. *Tatro,* 4 Mass. App. Ct. 295, 301 (n.4), 303-304 (1976). To the contrary, the only evidence was that at the outset of the interview (interrogation) the defendant was asked to "recount his events" from the night of the assault on Tripp "up to the morning of the 20th." 3. No other assignment of error has been argued.

*Judgments affirmed.*

*Dennis J. LaCroix* for the defendant.

*Helen M. Doona,* Assistant District Attorney, for the Commonwealth.