COMMONWEALTH *vs.* JONATHAN E. BLYE. April 29, 1977. This is an appeal by the Commonwealth pursuant to G. L. c. 278, § 28E, as amended by St. 1972, c. 740, § 16, from the allowance of the defendant's motion to suppress the evidence of two allegedly stolen chain saws found on the defendant's premises in the town of Sharon. The motion raised no question of undue delay by the police either in seeking a search warrant after the information about the saws came to their attention (contrast *Commonwealth* v. *Forde,* 367 Mass. 798, 801-803 [1975]), or in serving the warrant after its issuance (contrast *Commonwealth* v. *Cromer,* 365 Mass. 519, 524 [1974]), but solely the question whether the four-month interval between the sale of the saws to the defendant and the execution of the affidavit accompanying the application for the warrant, rendered the information therein too stale to permit a finding of present probable cause for the search. See *Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. 250, 253-255 (1974); *United States* v. *Rosenbarger,* 536 F. 2d 715, 719-720 (6th Cir. 1976), and cases cited. Such an affidavit need not demonstrate that the items sought are in fact on the defendant's premises at the time, but need only provide the issuing magistrate with a substantial basis for concluding that any of such articles is probably there. *Commonwealth* v. *Stewart,* 358 Mass. 747, 749 (1971), and cases cited. Whether that test has been met must be determined by a common sense, rather than a hypertechnical, reading of the affidavit. Its recitations are to be taken as a whole and reasonable inferences drawn therefrom. *Commonwealth* v. *Stewart, supra,* at 750, 751-752, and cases cited. *Commonwealth* v. *Smith,* 370 Mass. 335, 343 (1976), and cases cited. Although it may not be easy to determine when an affidavit demonstrates the existence of probable cause in a particular case, the resolution of doubtful or marginal cases should be determined largely by the preference to be accorded to warrants. See *Commonwealth* v. *Stewart, supra,* at 750; *Commonwealth* v. *Corradino,* 368 Mass. 411, 416 (1975); *United States* v. *Ventresca,* 380 U. S. 102, 109 (1965). Applying these standards to the affidavit in this case, we conclude that the judge accorded insufficient weight to certain of its allegations which, at least collectively, overcome the objection of staleness. First, as the judge noted, the reference in the affidavit to the defendant's purchase of the television sets was indicative of "some continuing activity ... with respect to stolen property" (compare *Commonwealth* v. *Vynorius,* 369 Mass. 17, 25 & n.10 [1975]), which would diminish the importance of the time element (*Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. at 254; *Mapp* v. *Warden, N.Y. State Corr. Inst.* 531 F. 2d 1167, 1172 [2d Cir. 1976], and cases cited), and which, because the sets appear to have been among the items "stolen in housebreaks during the past few months," indicated that the alleged criminal activity was continuing. Compare *Commonwealth* v. *Anderson,* 362 Mass. 74, 77 (1972); *Harris* v. *United States,* 403 U. S. 573, 579, n. (1971). How-

ever, we disagree with the judge's conclusion that the affiant's failure
to state the source of his information about the television sets fore-
closed reliance thereon under the two-prong test of *Aguilar* v. *Texas,*
378 U. S. 108 (1964), and *Spinelli* v. *United States,* 393 U. S. 410
(1969). We think it fairly inferable that the sets were acquired in two
of the seventeen housebreaks which were described by the informant
to the police with sufficient accuracy to result in confessions made to
the affiant by four of the thieves. Compare *Commonwealth* v. *Von
Utter,* 355 Mass. 597, 601-602 (1969), with *Draper* v. *United States,*
358 U. S. 307 (1959); *Spinelli* v. *United States, supra,* at 416-418. And,
because of the informant's admitted complicity in thirteen of those
breaks, a "balancing [of] the probabilities" (*Commonwealth* v. *Vy-
norius,* 369 Mass. at 25) leads reasonably to a conclusion that the in-
formant had first hand knowledge of one or both of the television
thefts. Compare *United States* v. *Berry,* 423 F. 2d 142, 143-144 (10th
Cir. 1970). In addition, the judge apparently accorded little weight to
the fact that articles such as chain saws are likely to remain in the
hands of a receiver of stolen property for a longer period of time than
other items, e.g., drugs, liquor or cash. See *Commonwealth* v. *Fleurant,*
2 Mass. App. Ct. at 254; *United States* v. *Dauphinee,* 538 F. 2d 1, 5
(1st Cir. 1976). A hasty disposition of the six chain saws allegedly
received by the defendant would increase the risk of detection. Com-
pare *United States* v. *Rahn,* 511 F. 2d 290, 293 (10th Cir. 1975). How-
ever, the risk of retaining one or two of the saws in a suburban com-
munity would be small, since saws are inherently innocuous and in no
respect incriminating. See *United States* v. *Steeves,* 525 F. 2d 33, 38
(8th Cir. 1975). Finally, the self-serving representation made by the
defendant to the informant concerning the price for which the defend-
ant could resell the saws might well have been made for the purpose
of driving a hard bargain with the thieves. That representation may be
ignored. It does nothing to vitiate the remainder of the affidavit. The
order suppressing the evidence is reversed and the case is remanded to
the Superior Court for further proceedings.

*So ordered.*

*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.
*Thomas Hoffman* for the defendant.