Rescript Opinions.

COMMONWEALTH *vs.* WALTER L. MONTANAGUE. November 14, 1977. The defendant appeals (G. L. c. 278, § 33A-33H) from a conviction of possession of heroin with intent to sell; he cannot prevail on either of the two assignments of error argued.

1. The affidavit by a Worcester police officer shows probable cause for the issuance of a warrant to search the first floor apartment at 30 Bancroft Street, Worcester; and a motion to suppress evidence seized under the warrant was properly denied. The affidavit sets out that an informant told the affiant that the defendant "has obtained heroin from New York and has asked the informer on this date [the date of the affidavit and search] to help him package the narcotic and has also offered to sell her some of the heroin." The affidavit also gives the informer's description of the defendant, including his name and alias and where he lived. The affidavit further sets out a detailed list of articles which the informer stated were taken during breaks at two specified places. These included "a large quantity of payroll checks and a check writer"; and the informer further stated that the defendant "gave her checks to cash and that she did cash two of them." (The defendant's brief characterizes them as "stolen checks," conceding as he must that in context this was a fair inference.) The defendant's contention that the affidavit contains no information derived independently through police investigation, or otherwise, which corroborates the informer's statement, has force. See *Spinelli* v. *United States,* 393 U. S. 410, 417-418 (1969); *Commonwealth* v. *Stevens,* 362 Mass. 24, 28-29 (1972); *Von Utter* v. *Tulloch,* 426 F. 2d 1, 3-4 (1st Cir.), cert. denied, 400 U. S. 826 (1970). Contrast *Commonwealth* v. *Stewart,* 358 Mass. 747, 752 (1971); *Commonwealth* v. *Duran,* 358 Mass. 825 (1971); *Commonwealth* v. *Anderson,* 362 Mass. 74, 76 (1972); *Commonwealth* v. *Vynorius,* 369 Mass. 17, 21-22 (1975); *United States* v. *Dauphinee,* 538 F. 2d 1, 4 (1st Cir. 1976). However, the affidavit alleges that the informer has given the affiant information in the past which resulted in the conviction of several persons for receiving stolen property and possession of narcotic drugs. See *Commonwealth* v. *Brown,* 354 Mass. 337, 345 (1968); *Commonwealth* v. *Anderson, supra; Commonwealth* v. *Hall,* 366 Mass. 790, 792-793, 797 (1975); *Commonwealth* v. *Vynorius, supra* at 21. And the more than ordinary particularity with which the informant listed the stolen items in the apartment and described her dealings with the defendant (some of them self-incriminating, *Commonwealth* v. *Stewart, supra; Commonwealth* v. *Stevens, supra* at 28; *Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. 250, 253 [1974]) cannot be said to be "allegations ... of a character that would readily occur to a person prone to fabricate," *United States* v. *Harris,* 403 U. S. 573, 593 (1971) (Harlan, J., dissenting) and indicates that the information was the product of knowledge derived from personal observation and contact with the defendant. *Commonwealth* v. *Penta,* 352 Mass. 271, 276 (1967). *Commonwealth* v. *Brown, supra* at 346. *Commonwealth* v. *Vynorius, supra* at 20. *Commonwealth* v. *Genest,* 371 Mass. 834, 836-837 (1977). See *Spinelli* v. *United States, supra* at 417; *United States* v. *Harris, supra* at 593. The affidavit thus permits inferences that the informer was reliable and her information trustworthy. *Aguilar* v. *Texas,* 378 U. S. 108, 108-114 (1964). See *United States* v. *Ventresca,* 380 U. S. 102, 108 (1965).

2. There is not involved in this case (contrary to the defendant's contention) the right to the disclosure of the identity of an informer.

Rescript Opinions.

*Commonwealth* v. *Johnson,* 365 Mass. 534, 545 [1974], citing *Roviaro* v. *United States,* 353 U. S. 53, 60-61 [1957]). *Commonwealth* v. *Ennis,* 1 Mass. App. Ct. 499, 501-502 (1973). The question which the trial judge excluded was: "Your informant was not [D— T—], is that correct?" At the bench conference which followed, defense counsel indicated that the reason for his question was that he had "represented [D— T—]; if she's the informant." The trial judge indicated his understanding of the disclosure requirement but stated, "Well, in this particular case it doesn't make any difference who the informer was." See *Commonwealth* v. *Crespo,* 3 Mass. App. Ct. 497, 499-500 (1975). The defendant made no attempt to suggest anything further which might indicate a use for the name of the informer. See *Commonwealth* v. *Swenson,* 368 Mass. 268, 275 (1975); *Commonwealth* v. *Vitello,* 367 Mass. 224, 276 (1975). The defendant's contention, made for the first time in his brief, that the Commonwealth relied on the affidavit to prove its case is based on a misreading of the transcript.

*Judgment affirmed.*

*Lucious Dillon* for the defendant.

*Daniel F. Toomey,* Assistant District Attorney, for the Commonwealth.