COMMONWEALTH *vs.* PAUL F. FLAHERTY. May 4, 1978. 1. As no question was raised below as to the possibility of a false statement in the affidavit which formed a part of the application for the search warrant, the validity of the warrant turns on the sufficiency of the statements appearing on the face of the affidavit to support a finding of probable cause to believe that heroin and paraphernalia for the distribution thereof would be found in the defendant's apartment. *Common-*

*wealth* v. *Reynolds*, 374 Mass. 142, 143–146, 149, 150 (1977). Tested on that approach, the warrant was valid. The reliability of the informant was established by reason of his having recently provided the police with information leading to at least three arrests, one of them in Newton for a drug offence. *Commonwealth* v. *Stevens*, 362 Mass. 24, 25, 28 (1972). *Commonwealth* v. *Anderson*, 362 Mass. 74, 76 (1972). *Commonwealth* v. *Pellier*, 362 Mass. 621, 622-623, 625 (1972). *Commonwealth* v. *Avery*, 365 Mass. 59, 63 (1974). The informant's information was grounded on his personal observations (compare *Commonwealth* v. *Pellier*, 362 Mass. at 625; *Commonwealth* v. *Montanague*, 5 Mass. App. Ct. 889, 889, 890 [1977]), which were corroborated by police observations of several known drug users (two of whom had been arrested for drug offences) entering and leaving the building in question within a week of the date of the application for the warrant. Compare *Commonwealth* v. *Anderson*, 362 Mass. at 76-77; *Commonwealth* v. *Pellier*, 362 Mass. at 623, 625; *Commonwealth* v. *Snow*, 363 Mass. 778, 782, 784 (1973); *Commonwealth* v. *Avery*, 365 Mass. at 63-64; *Commonwealth* v. *Hall*, 366 Mass. 790, 793, 798 (1975). The affiant's shift from the use of the past tense ("[a]bout three [3] weeks ago I received information from a reliable and confidential informant") to the use of the present tense (e.g., "My informer further states that there is a large quantity of heroin being kept in the apartment . . . at this time") during the course of his narration of the information he had received from the informant warranted an inference that heroin would be found in the apartment at the time of the application for the warrant. Compare *Commonwealth* v. *Anderson*, 362 Mass. at 77. 2. Conceding the reliability of the same informant (which was enhanced by reason of his having predicted the presence of everything the police had found when they executed the search warrant), still the Commonwealth failed to sustain its burden of establishing that the police had probable cause to believe that the defendant was engaged in the commission of a crime when they arrested him without a warrant six days after they had searched his apartment. See *Commonwealth* v. *Stevens*, 362 Mass. at 27; *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 57 (1974); *Commonwealth* v. *Cavanaugh*, 366 Mass. 277, 279 (1974); *Commonwealth* v. *Forde*, 367 Mass. 798, 800 (1975); *Commonwealth* v. *Bailey*, 370 Mass. 388, 397 (1976); *Commonwealth* v. *Weiss*, 370 Mass. 416, 419 (1976). The police had initiated their stakeout of the apartment in response to the informant's tip that the defendant "was going in to Boston to pick up some more heroin; that he would be around between . . . 8:30 and 9:30" P.M. and "[t]hat he would have a load of heroin on him at [that] time." There was nothing in the tip itself, nor was there any evidence offered at the pretrial hearing on the defendant's motion to suppress, which disclosed (or even came close to suggesting) the underlying facts or circumstances on which the informant had based his tip (see *Commonwealth* v. *Stevens*, 362 Mass. at 27; *Commonwealth* v. *Kane*, 362 Mass. 656, 659 [1972]; *Commonwealth* v. *Anderson*, 366 Mass. 394, 397 [1974]), which was hardly detailed in its predictions (compare *Commonwealth* v. *Stevens*, 362 Mass. at 28-29; contrast *Commonwealth* v. *Pellier*, 362 Mass. at 623-624, 626; *Commonwealth* v. *Duran*, 363 Mass. 229, 230-231, 233, 234 [1973]; *Commonwealth* v. *Avery*, 365 Mass. at 60-61, 63). Although the police could consider what they knew of the defendant's prior drug offences (see *Commonwealth* v. *Stevens*, 362 Mass. at 28) and could assume that a car would be used for a trip from Newton to Boston and return, there was no evidence

of the direction from which the car had approached the point, some two house lots away from the defendant's apartment, where he was seen to alight before the car was driven away. The driver of the car was a known drug user, but there had been no prediction that the defendant would be accompanied on the trip to Boston. On the evidence, there was nothing suspicious about the defendant's appearance or behavior as he walked in the direction of the apartment in the daylight at 7:30 P.M. Compare *Commonwealth* v. *Stevens,* 362 Mass. at 28. Contrast *Commonwealth* v. *Chaisson,* 358 Mass. 587, 588-589, 590 (1971); *Commonwealth* v. *Cruz,* 373 Mass. 676, 684-685 (1977). Nor was there anything to suggest that the defendant was carrying a "load" of anything (contrast *Commonwealth* v. *Kane,* 362 Mass. at 657, 658; *Commonwealth* v. *Duran,* 363 Mass. at 230, 233, 234; *Commonwealth* v. *Anderson,* 366 Mass. at 395), much less the quarter of an ounce of heroin which was found inside his clothing during the course of the search which followed the warrantless arrest. There was error in the admission of evidence concerning the heroin so seized. The judgment on count 1 of the indictment is affirmed; the judgment on count 2 is reversed, and the finding of guilt on that count is set aside.

*So ordered.*

*J. Russell Hodgdon* for the defendant.

*Robert M. Raciti,* Legal Assistant to the District Attorney, for the Commonwealth.