COMMONWEALTH *vs.* ROBERT SAMUELS. October 17, 1978. The defendant has appealed (G. L. c. 278, §§ 33A-33G) from his conviction on a complaint charging possession of burglarious implements (G. L. c. 266, § 49) and has assigned as error the denial of his motion for a finding of not guilty. The complaint was framed in the language found in G. L. c. 277, § 79, in the indictment in *Commonwealth* v. *Armenia,* 4 Mass. App. Ct. 33, 38-39 (1976), and in the complaint in *Commonwealth* v. *Copeland, ante* 882 (1978). We are of the opinion that on the facts the present case is governed by *Copeland* rather than *Armenia* and hold that the evidence, viewed in a light most favorable to the Commonwealth (*Commonwealth* v. *Clifford,* 374 Mass. 293, 296 [1978]), warranted a finding of guilt.

*Judgment affirmed.*

The case was submitted on briefs.
*Thomas F. Sullivan* for the defendant.
*Alan Levine,* Assistant District Attorney, for the Commonwealth.

COMMONWEALTH *vs.* HENRY L. TAGLIERI. October 19, 1978. The trial judge should have allowed the defendant's motion to suppress articles seized under a search warrant and introduced in evidence which resulted in convictions under G. L. c. 271, §§ 17 and 17A. The affidavit, dated July 31, 1974, in support of the application for the warrant, also dated July 31, 1974, did not "provide [] the magistrate with a substantial basis for concluding that any of such articles was probably present" on the premises sought to be searched. *Commonwealth* v. *Stewart,* 358 Mass. 747, 749 (1971). *Commonwealth* v. *Blye,* 5 Mass. App. Ct. 817 (1977). The only allegations in the affidavit with reference to those premises were that two telephone calls had been made to a telephone billed to the defendant at the address of the premises (herein referred to as the defendant's telephone), one on May 29, 1974, and one on June 13, 1974. Both calls had been made from a tapped telephone (G. L. c. 272, § 99) assertedly used "to conduct an illegal gaming operation." The affidavit alleges that during the first telephone call, made by "Chick," a person identified as "Butch" at the defendant's telephone "placed two horse race bets with 'Chick.' " In the second conversation, also initiated by "Chick," he "spoke to a man he called 'Henry' [and] ... gave Henry the results of the first race at Suffolk Downs Race Track." No other connection between the defendant and users of the tapped telephone is indicated. Whatever else the conversations may show, they cannot be said to establish a probability that the premises sought to be searched contained equipment for registering bets or conducting other gaming operations. Compare *Commonwealth* v. *Chagnon,* 330 Mass. 278, 282-283 (1953). We need not discuss any of the other points argued by the parties as to the validity of the affidavit or of the interception under G. L. c. 272, § 99.

*Judgments reversed.*

*Margaret Hayman* for the defendant.
*Bernard Manning,* Assistant Attorney General, for the Commonwealth.