COMMONWEALTH *vs.* ROBERT T. KILEY & others. February 19, 1981.
This is an appeal by the Commonwealth from a pretrial order by a
District Court judge suppressing the fruits of a search of a dwelling
executed pursuant to a warrant. See G. L. c. 278, § 28E, inserted by
St. 1979, c. 344, § 45; Mass.R.Crim.P. 15(a)(2), 378 Mass. 882 (1979).
The order was based on the judge's conclusion that the affidavit presented
in support of the application for the warrant did not measure up to the
requirements of *Aguilar* v. *Texas,* 378 U.S. 108 (1964), and *Spinelli* v.
*United States,* 393 U.S. 410 (1969). The affidavit, sworn out by a police
detective, detailed ten tips by anonymous informants spanning a period
from July 28, 1977, to May 14, 1979, the day the warrant was issued (six
of the tips were received within five weeks of May 14), and five instances
of police investigation, three of which resulted in observations having
some tendency to corroborate details contained in one or more of the tips.
See *Draper* v. *United States,* 358 U.S. 307 (1959); *Commonwealth* v.
*Vynorius,* 369 Mass. 17, 20 (1973); compare *Commonwealth* v. *Kauf-
man,* 381 Mass. 301, 302-303 (1980). See *Commonwealth* v. *Lotfy,* 8
Mass. App. Ct. 126, 127-128 (1979). The gist of all the tips was that the
defendants were engaged in the sale of controlled substances and were
using the Kiley dwelling either as a cache for their wares or as a place for
making sales or both. We think that the affidavit could be judged suffi-
cient solely on the basis of the tip received on an unspecified day "during
the first half of May, 1979"; the information then supplied contained such
detail of the interior of the Kiley dwelling and the hiding place of the con-
traband therein as to bespeak personal knowledge of the informant (see
*United States* v. *Spach,* 518 F.2d 866, 870 [7th Cir. 1975]; *Com-
monwealth* v. *Brown,* 354 Mass. 337, 346 [1968]; *Commonwealth* v.
*Genest,* 371 Mass. 834, 837 [1977]), and the informant's reliability was
evidenced by portions of his narrative which constituted an admission
against penal interest (see *Commonwealth* v. *Vynorius, supra* at 21, and
cases cited) when read in a common sense fashion. (The judge was overly
technical in reasoning that the informant's admission of having *purchased*
marihuana from the Kileys did not evidence criminality on his part,
because he had not stated that he came into *possession* of his purchase, the
relevant statutes [G. L. c. 94C, §§ 32 and 34] prohibiting possession and
sale but not purchase.) The reliability of another informant could be
inferred from the recital that tips from him had led to the recovery of
contraband at an earlier time. See *Commonwealth* v. *Avery,* 365 Mass.
59, 63 (1974). Information from others of the informants had previously
led to arrests for drug offenses. See *Commonwealth* v. *Flaherty,* 6 Mass.
App. Ct. 876 (1978). The judge was doubtless correct in concluding that
some of the tips, viewed in isolation, would not have supported the issuance of

a search warrant. But if anything is clear in this area of the law, it is that an affidavit offered in support of a warrant is not to be parsed and its severed components subjected to hypercritical analysis; rather, the affidavit is to be read as a whole, and "in a commonsense and realistic fashion." *United States* v. *Ventresca,* 380 U.S. 102, 108 (1965). *Commonwealth* v. *Anderson,* 362 Mass. 74, 75 (1972). Those tips whose ability to stand on their own was subject to doubt gained force from other tips which corroborated their assertions (see *Commonwealth* v. *Kaufman,* 381 Mass. at 303) and which were in turn corroborated in part by independent police observations. The affidavit, taken as a whole, made a strong (perhaps very strong) showing of probable cause that controlled substances were presently in the Kiley house ("for sale and . . . waiting for customers," in the words of the May 14, 1979, tip). The order allowing the defendant's motion to suppress evidence is reversed, and the case is remanded to the District Court for further proceedings.

*So ordered.*

*John A. Agostini,* Assistant District Attorney, for the Commonwealth.
*Brian J. Quinn* for the defendants.

