COMMONWEALTH *vs.* RICHARD A. MISCI & others. October 30, 1970. Each of the three defendants filed a motion to suppress evidence seized by State police in execution of a search warrant. The trial judge held hearings on the motions, the only evidence before him being the affidavit in support of the application for the search warrant and the warrant itself. He reported the matter of the motions to suppress for a determination of the sufficiency of the affidavit. The defendants in their sole argument having merit alleged that the facts which it sets forth are not sufficient to support the required conclusion that the objects of the search were probably in the described premises at the time the warrant was issued. A majority of the court is, however, of opinion that the affidavit is sufficiently precise to render it adequate. While the affidavit, dated August 12, 1969, referred to some information received by the affiant about five months earlier, it also recited information received "this past week," which we interpret as referring to the time of the events reported, and a house is identified as being occupied by the defendant Misci where, in the presence of an informer, "at this time" (within a week) the defendant Misci allegedly had narcotics in his possession and solicited the informer for a purchase. *Sgro* v. *United States*, 287 U. S. 206, 210. *United States* v. *Ventresca*, 380 U. S. 102, 108. *Schoeneman* v. *United States*, 317 F. 2d 173, 177 (Ct. App. D. C.). See *Commonwealth* v. *Moran*, 353 Mass. 166; *Rosencranz* v. *United States*, 356 F. 2d 310 (1st Cir.). The defendants' motions to suppress should be denied.

*So ordered.*

*Mario Misci* (*Jacob I. Brier* with him) for Richard A. Misci; *Norman T. Callahan*, for Ronald F. Frazzin, & *Reuben Goodman*, for Stanley A. Kostra, also with him.

*Roger K. Slawson*, Assistant District Attorney, for the Commonwealth.