COMMONWEALTH *vs.* FELIX RIVERA ZAYAS. October 4, 1978. This is an appeal by the Commonwealth pursuant to G. L. c. 278, § 28E, as amended by St. 1972, c. 740, § 16, from the allowance of the defendant's motion to suppress heroin seized by the police in the execution of a search warrant of an apartment occupied by the defendant. Assuming for the purpose of discussion the reliability of the informant, identified only as "J" in the affidavit submitted to the issuing judge as part of the application for the warrant, other information contained in the affidavit was insufficient to lend credibility to two tips received from J by the police to the effect that heroin was being kept at the defendant's residence. There was nothing in the affidavit to suggest that J's information was based upon his personal knowledge (*Aguilar* v. *Texas,* 378 U.S. 108, 113 [1964]; *Commonwealth* v. *Stevens,* 362 Mass. 24, 28 [1972]; *Commonwealth* v. *Flaherty, ante 876* [1978]; *Commonwealth* v. *Gisleson, ante 911* [1978]) or to disclose the underlying facts and circumstances upon which the tips were based amounting to probable cause that heroin would be found at that location (*Aguilar* v. *Texas, supra* at 114; *Spinelli* v. *United States,* 393 U.S. 410, 416 [1969]; *Commonwealth* v. *Flaherty, supra*). Nor is the insufficiency of the informant's tips overcome by independent corroboration. *Spinelli, supra* at 417-418. The first paragraph of the affidavit relates that, more than one month prior to the receipt of the first tip and one month and a half prior to the application for the warrant, fellow police officers of the affiant had observed the defendant engaged in a transaction which gave some indication that heroin might be found at his residence at that earlier time. However, this event was too remote in time to corroborate the tips and to establish that there was probable cause for the presence of heroin in the defendant's apartment at the time of the search. Drugs are a readily disposable commodity. See *Oregon* v. *Scheidemann,* 252 Or. 70, 73-74 (1968). Contrast *Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. 250, 255 (1974), and *Commonwealth* v. *Blye,* 5 Mass. App. Ct. 817 (1977). Furthermore, the affidavit recites but a single instance of a sale by the defendant. Without a series of observed transactions, courts have generally refused to infer the existence of a continuing criminal operation and have found that probable cause for the continued presence on the premises of the items sought "dwindles rather quickly with the passage of time." *United States* v. *Johnson,* 461 F.2d 285, 287 (10th Cir. 1972). Comment, A Fresh Look at Stale Probable Cause: Examining the Timeliness Requirement of the Fourth Amendment, 59 Iowa L. Rev. 1308, 1316-1317 n.93 (1974). Generally, a continuing operation is not inferable from a single observed sale of a readily disposable commodity like drugs (see *Ashley* v. *State,* 251 Ind. 359, 368 [1968]), particularly when the time lapse between the observation and the application for the warrant is as great as it was here (see *Oregon* v. *Scheidemann, supra*). There was,

therefore, no error in the order allowing the motion to suppress.
*Order affirmed.*

*Mark A. McCormack,* Assistant District Attorney, for the Commonwealth.

*Charles M. Grabau (Richard G. Shalhoub* with him) for the defendant.