COMMONWEALTH *vs.* ROBERT K. CONWAY.

Norfolk. October 10, 1980. — November 21, 1980.

Present: GREANEY, ROSE, & KASS, JJ.

*Search and Seizure.*

An affidavit in support of an application for a search warrant of a defendant's apartment, which stated that the affiant had received information from a reliable informant, whose information had led to another arrest and conviction, that the defendant currently had in his possession one-half ounce of cocaine, that he had been selling controlled substances in the recent past, and that he was at that time asleep in his apartment, was sufficient to support a finding of probable cause for the issuance of the warrant. [739-742]

COMPLAINT received and sworn to in the Northern Norfolk Division of the District Court Department on May 22, 1979.

In the Superior Court Department a motion to suppress was heard by *Prince,* J., and the case was heard by *Hurd,* J., a judge of the District Court Department sitting under statutory authority.

*Paul S. Carter* for the defendant.

*Carmen W. Picknally, Jr.,* Assistant District Attorney, for the Commonwealth.

ROSE, J. The defendant appeals from a conviction, following a jury waived trial, of possessing cocaine, a controlled substance, with intent to distribute or dispense the same. The only issue on appeal is the propriety of the judge's denial of the defendant's motion to suppress certain evidence, including the cocaine, seized on the morning of May 22, 1979, by Officer Garvey of the Medfield police department pursuant to a search warrant. The defendant argues that his motion should have been allowed because

the affidavit submitted in support of the application for the warrant failed to satisfy Federal constitutional standards.

The affidavit recited in substance that Officer Garvey had received information from a reliable informant, whose information had led to another arrest and conviction, (1) "that a Robert Conway of Main Street, Medfield, has in his possession at this time one-half ounce of cocaine"; (2) "that Robert Conway has been selling controlled substances, Classes B & D in the recent past"; and (3) "that Robert Conway live[s] in a second floor apartment, with Robert Rogers at 577 Main Street, Medfield, Massachusetts, and is now sleeping in that apartment." The defendant argues that the affidavit fails to meet the familiar test set forth in *Aguilar* v. *Texas,* 378 U.S. 108 (1964). We disagree.

The two-pronged test fashioned by the United States Supreme Court to evaluate the sufficiency of affidavits used as a basis for search warrants requires that the affidavit set forth "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.'" *Id.* at 114. See *Spinelli* v. *United States,* 393 U.S. 410, 415-416, 419 (1969); *United States* v. *Harris,* 403 U.S. 573 (1971); *Commonwealth* v. *Stewart,* 358 Mass. 747, 750 (1971); *Commonwealth* v. *Alessio,* 377 Mass. 76, 79 (1979). In examining a particular affidavit, the judge or magistrate should interpret the information provided in a common sense fashion and should not subject it to hypertechnical scrutiny. *United States* v. *Ventresca,* 380 U.S. 102, 108-109 (1965). *Commonwealth* v. *Stewart, supra. Commonwealth* v. *Taglieri,* 378 Mass. 196, 198, cert. denied, 444 U.S. 937 (1979). The adequacy of an affidavit must be determined by evaluating all of its allegations as a whole, and not by first breaking it into fragments and subjecting each fragment to an independent evaluation of its sufficiency. *Commonwealth* v. *Stewart,* 358 Mass. at 751. *Commonwealth* v. *Snow,* 363 Mass.

778, 783 (1973). The question to be determined is not whether there was evidence of guilt beyond a reasonable doubt, but whether probable cause existed to issue a warrant. *United States* v. *Harris*, 403 U.S. at 584. *Commonwealth* v. *Scanlan*, 9 Mass. App. Ct. 173, 179 (1980).

The defendant does not question the reliability of the informant; rather, he contends that the affidavit states mere conclusions and does not include any of the necessary underlying circumstances from which the informant concluded that the cocaine was where he claimed it to be. It is difficult to determine whether some of the statements in the affidavit are conclusions or subsidiary facts. Some of the statements, taken separately, might appear to be mere conclusions, but when the affidavit is read as a whole together with reasonable inferences drawn therefrom, it is evident that the magistrate did not err in issuing the search warrant. If an affidavit fails to explain exactly how the informant acquired the information, the magistrate may infer from "[t]he promptness of the information, the specificity of the observations, and the particularity of detail as to the location" that it was based on personal knowledge. *Commonwealth* v. *Brown*, 354 Mass. 337, 346 (1968). See *Spinelli* v. *United States*, 393 U.S. at 416-417; *Commonwealth* v. *Genest*, 371 Mass. 834, 837-838 (1977). Although a greater specificity of facts would be preferable, the affidavit here does give sufficient detail, and the information in it was reported sufficiently promptly, to permit an inference that the information was based on personal knowledge. The informant reported promptly, on the morning of his observation, to Officer Garvey that the defendant was currently sleeping at a particular address, 577 Main Street. The affidavit specified that the defendant lived on a particular floor and with a particular person, whose name the informant knew, specified the precise amount of cocaine the defendant then possessed, and stated that the defendant had been selling specific classes of controlled substances in the recent past.[1]

---

[1] We find no merit in the defendant's argument that, because this particular fragment of information was not phrased in the present tense, the

The affidavit presents greater detail than the one approved in *Commonwealth* v. *Brown, supra.* Edited by the court in form only, the affidavit in question there read as follows: "Based on information from Det. Robert Fawcett that he received from a reliable informant, who in the past has given him information that resulted in the arrest and convictions of other defendants, certain fur coats, in white Pilgrim laundry bags are concealed in the second floor, apt. # 282, located at 199 Faywood Ave. in East Boston, Mass." *Id.* at 345. As in *Brown,* the magistrate here could properly infer that the informant based his information on personal observation and contacts which went far beyond "a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli* v. *United States,* 393 U.S. at 416. See also *Commonwealth* v. *Moran,* 353 Mass. 166, 168-170 (1967); *Commonwealth* v. *DiAntonio,* 8 Mass. App. Ct. 434 (1979). In contrast to *Commonwealth* v. *Kaufman,* 381 Mass. 301 (1980), where the court concluded that the affidavit in issue was inadequate to support a search warrant as only general averments were made that the defendant was keeping "large amounts of cash and drugs" at his address, the affidavit here in issue stated with specificity the precise amount of cocaine the defendant then possessed and that the defendant was presently sleeping at a particular address. Equally noteworthy, the court in *Kaufman* stressed that the police officers' averment in the affidavit to their observation that an unknown male was carrying into the target address several plastic bags merely consistent in size and shape with those commonly used to transport large quantities of marihuana

---

information is stale and therefore has no probative value. When read with the other portions of the affidavit, all phrased in the present tense, the information that the defendant has been selling controlled substances in the recent past raises an inference of continuing observation on the part of the informant. See *United States* v. *Harris,* 403 U.S. footnote at 579; *Commonwealth* v. *Misci,* 358 Mass. 804 (1970); *Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. 250, 254-255 (1974). Contrast *Sgro* v. *United States,* 287 U.S. 206 (1932).

was at best equivocal and did not support an inference that these particular bags in fact contained marihuana. The affidavit here stated unequivocally that the defendant then possessed one-half ounce of the specified drug. While the affidavit does not deserve emulation, "if the police are to be encouraged to use the warrant procedure, it seems good policy to allow a certain leeway or leniency in the after-the-fact review of the sufficiency of applications for warrants." *Commonwealth* v. *Corradino,* 368 Mass. 411, 416 (1975).

*Judgment affirmed.*