COMMONWEALTH *vs.* MATARA MALONE.

Middlesex. March 26, 1987. — April 14, 1987.

Present: BROWN, DREBEN, & FINE, JJ.

*Constitutional Law,* Search and seizure. *Probable Cause. Search and Seizure,* Affidavit, Probable cause. *Controlled Substances.*

On the Commonwealth's appeal from the order of a District Court judge allowing a motion to suppress drugs and related evidence seized under a search warrant executed at the defendant's apartment, where the affidavit submitted in support of the application for the warrant related three isolated incidents occurring at the apartment fourteen months, several weeks, and one or two weeks before the warrant issued, this court, assuming that the affidavit was adequate to establish the veracity of police informants, held that the affidavit referred to events too remote in time from the the issuance of the warrant and, in addition, not sufficiently related to each other to give rise to an inference of a continuing course of criminal conduct, and that the judge was correct in concluding that the issuing magistrate lacked probable cause to believe drugs would be found in the defendant's apartment on the date of the warrant. [72-74]

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on April 22, 1985.

On appeal to the jury session, a pretrial motion to suppress evidence was heard by *Wendie Gershengorn,* J.

The case was submitted on briefs.

*Caldwell Harrop,* Assistant District Attorney, for the Commonwealth.

*Corey R. Cutler* for the defendant.

FINE, J. A District Court judge allowed a motion to suppress drugs and related evidence seized at the defendant's residence when officers of the Cambridge police department drug unit executed a search warrant obtained on April 19, 1985, by Detective Frank T. Pasquarello. In this interlocutory appeal (Mass.R.Crim.P. 15[a] [2], 378 Mass. 883 [1979]), the Com-

monwealth contends that the affidavit submitted by Detective Pasquarello in support of the warrant satisfied applicable constitutional standards, and that the motion to suppress, therefore, should not have been allowed. We agree with the District Court judge that the constitutional requirements were not met because probable cause to issue the warrant was lacking. See *Aguilar* v. *Texas,* 378 U.S. 108 (1964); *Spinelli* v. *United States,* 393 U.S. 410 (1969); *Commonwealth* v. *Upton,* 394 Mass. 363 (1985).

We summarize the contents of Detective Pasquarello's April 19, 1985, affidavit. On some unspecified date, the police received an anonymous tip that the defendant was selling heroin at her apartment. On February 22, 1984, drugs were found in the defendant's apartment, and she was arrested. "On or about the 25th to the 29th of March 1985," an informant attempted to buy cocaine at the defendant's apartment. A woman who said she was the defendant's sister answered the door. The informant asked about buying cocaine and was told it would be there in a while. While in the apartment, the informant observed a white powder and was told "it was only cut." The informant left the apartment, having observed no drugs, after being given the telephone number and instructed to call later. The informant had given the police information in the past which, when verified, resulted in an arrest which is still pending in court. "On or about April 8th to the 12th, 1985," a second informant went to the same apartment. That informant had previously made purchases of drugs in the Harvard Square area which resulted in the arrest of two individuals whose cases were pending in court. The informant asked an unidentified female who answered the door for "some smoke." "[T]he female wanted to know how [the informant] got her name and address. The [informant] stated 'from the square,' and the female replied, 'tell those bastards to stop dropping my name. I don't need no heat here.'" The informant observed the female with a plastic bag of what "appeared to be marijuana."

The parties are at issue whether the veracity of the two "confidential reliable informants" on whom Detective Pasquarello relied is established in the affidavit. The Common-

wealth rests its argument essentially on the basis of Detective Pasquarello's statements that both informants previously had given information, in one case verified, leading to arrests, and that the prosecutions in those cases, as of the date of the affidavit, still were pending. Absent in the affidavit, however, are any details about the information provided or verification of the information, any reference to convictions or other facts about the status of the pending cases, any reference to more than one or two arrests or a history of cooperation between Detective Pasquarello and either informant, or any police corroboration of the facts recited in the affidavit. Some such indicia of reliability beyond the bare fact of arrest have been present in affidavits in cases in which it was held that a magistrate could consider, in determining the informant's credibility, whether the informant had previously supplied information which led to an arrest. See *Commonwealth* v. *Pellier,* 362 Mass. 621, 622-623, 625 (1972) (a number of arrests were made at the site of the search warrant over a period of six months); *Commonwealth* v. *Flaherty,* 6 Mass. App. Ct. 876, 877 (1978) (three arrests had been made using tips from the informant, and the informant's information was corroborated by police observation); *Commonwealth* v. *DiAntonio,* 8 Mass. App. Ct. 434, 439 (1979) (the informant had provided accurate information leading to the arrest and conviction of six persons); *Commonwealth* v. *Kiley,* 11 Mass. App. Ct. 939 (1981) (one informant's tip included an admission against penal interest; another informant, referred to in the affidavit, had provided information which led to arrests for drug offenses and discovery of contraband). See generally, 1 LaFave, Search and Seizure § 3.3(b) (2d ed. 1987).

The question whether the bare assertion that an informant has given information on a previous occasion leading to an arrest is a sufficient basis for determining that the informant is credible has not been addressed directly by a Massachusetts appellate court. Because we affirm the judge's order on other grounds, we need not decide the question in this case.

In our view, the affidavit, even assuming it meets the veracity test, lacked sufficient information to enable the issuing magis-

trate to determine that drugs probably would be present at the defendant's apartment on April 19, 1985, when the warrant was issued. See *United States* v. *Harris,* 403 U.S. 573, 581-585 (1971); *Commonwealth* v. *Cefalo,* 381 Mass. 319, 328 (1980); *Commonwealth* v. *Reddington,* 395 Mass. 315, 322-323 (1985); *Commonwealth* v. *Zayas,* 6 Mass. App. Ct. 931 (1978); see generally 2 LaFave, Search and Seizure § 3.7(a) (2d ed. 1987). Contrast *Commonwealth* v. *DiStefano,* 22 Mass. App. Ct. 535 (1986).

Because drugs are a "readily disposable commodity", *Commonwealth* v. *Zayas, supra* at 931, probable cause must be established by "proof . . . of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Commonwealth* v. *Atchue,* 393 Mass. 343, 349 (1984), quoting from *Sgro* v. *United States,* 287 U.S. 206, 210 (1932). The first basis in the affidavit which might lend support to a finding of probable cause on April 19, 1985, is the officer's statement that fourteen months earlier the police found drugs present in the defendant's apartment and arrested her on drug-related charges. However, that arrest was too remote in time to give rise to an inference that drugs would be present when the warrant was issued. The second possible basis in the affidavit to support a finding of probable cause is the visit by the confidential informant to the apartment in March, 1985, several weeks before the warrant was issued. Although no drugs were observed on that occasion, the statements made by the woman who answered the door and the informant's observation of the white powder, presumably to be used for cutting cocaine, would give rise to a reasonable inference that drugs would be found in the apartment within a short time after the informant's visit. However, because of the lapse of several weeks and the fact that "[d]rugs are a readily disposable commodity," *Commonwealth* v. *Zayas, supra* at 931, see also *Commonwealth* v. *Cromer,* 365 Mass. 519, 524 (1974), and also because we do not know from the affidavit if the defendant's sister resided in the apartment, the information is not sufficient to give rise to a reasonable inference that drugs would be present in the apartment on the date

of the warrant. The third and final possible basis in the affidavit for a finding of probable cause is the reference to the second informant's visit in April, 1985, one or two weeks before the warrant issued. On that occasion, although the request to purchase drugs was rebuffed, a bag of marijuana was observed. However, the woman observed holding the bag was unidentified. Moreover, there is no indication of the amount of marijuana in the bag. If it was an amount sufficient only for personal use, it was likely to have been consumed or removed from the apartment by the time the warrant was issued.

The Commonwealth urges us to look at the series of incidents observed as evidence of a continuing criminal operation. Otherwise stale information may be probative if there is evidence of a "continuing course of conduct." See *Commonwealth* v. *Vynorius,* 369 Mass. 17, 25 & n.10 (1975); see also *Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. 250, 255 (1974). Such evidence "would diminish the importance of the time element." *Commonwealth* v. *Blye,* 5 Mass. App. Ct. 817 (1977). The observations reported in the affidavit, however, were of isolated incidents, not a continuing criminal operation. "Without a series of observed transactions, courts have generally refused to infer the existence of a continuing criminal operation and have found that probable cause for the continued presence on the premises of the items sought 'dwindles rather quickly with the passage of time.'" *Commonwealth* v. *Zayas,* 6 Mass. App. Ct. at 931 (citation omitted). There is no basis even for inferring that the same individual was present in the apartment on the three separate occasions. Because the affidavit did not refer to events close enough in time to the issuance of the warrant or sufficiently related to each other to give rise to an inference of a continuing course of conduct, probable cause to believe drugs would be found in the defendant's apartment on the date of the warrant was lacking.

*Order allowing motion*
*to suppress affirmed.*