COMMONWEALTH *vs.* JOHN T. MORTON. No. 87-758. August 9, 1988. *Search and Seizure,* Affidavit, Probable cause. *Probable Cause. Constitutional Law,* Search and seizure.

On March 9, 1985, a clerk-magistrate issued a warrant authorizing the police to search the defendant's home in Duxbury for "stolen or illegal" items. As a result of that search, the defendant was charged with the unlawful possession of a sawed-off shotgun. G. L. c. 269, § 10(*c*). He was convicted at a jury-waived trial and sentenced to one year in a house of correction. His sentence was stayed during appeal.

Prior to trial the defendant filed a motion to suppress certain evidence, including a gun, which had been seized from his home as a result of the search. After a hearing, a Superior Court judge denied the motion. On appeal, the defendant claims, among other things,[1] that the affidavit in support of the warrant was insufficient to establish probable cause because it did not show on its face that the information supplied by the informant was timely. In particular, he points out that the affidavit, pertinent portions of which are reproduced in the margin,[2] failed to state the time when the informant allegedly observed, in the defendant's home, the items named in the warrant.

It is well established that, in order for a valid search warrant to issue, probable cause must be established by "proof . . . of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Commonwealth* v. *Atchue,* 393 Mass. 343, 349 (1984), quoting from *Sgro* v. *United States,* 287 U.S. 206, 210 (1932). *Commonwealth* v. *Reddington,* 395 Mass. 315, 322-323 (1985). *Commonwealth* v. *Malone,* 24 Mass. App. Ct. 70, 73 (1987). Also see *United States* v. *Dauphinee,* 538 F.2d 1, 5 (1st Cir. 1976) ("The temporal proximity of remoteness of the events observed has a bearing on the validity of a warrant"). Therefore, the omission of the time that the informant observed the "stolen or illegal" items is a serious defect in the affidavit. *Rosencranz* v. *United*

---

[1] The defendant also claims that the magistrate was not "informed of (1) some of the underlying circumstances from which the informant concluded that the ["stolen or illegal" items were] where he claimed [they were] (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was 'credible' or his information 'reliable' (the veracity test)." *Commonwealth* v. *Upton,* 394 Mass. 363, 375 (1985) (Upton II), quoting from *Aguilar* v. *Texas,* 378 U.S. 108, 114 (1964). Because of our decision, we do not address these concerns.

[2] The affidavit attached to the application for the search warrant read as follows:

"I, Sgt John G Colbert of the Duxbury, Massachusetts Police Department, being duly sworn depose and say that on March 9, 1985, I received the following information from Det Leonard Loyd of the Marshfield Police Department. Det Loyd stated that a reliable confidential informant referred to as CI-A gave him information that the items described in section four of the affidavit could be found at 44 Bay Rd, Duxbury, Massachusetts. CI-A told Det Loyd that he has seen the items mentioned in section four and they are stolen or illegal, and are in the possession of John T Morton of 44 Bay Road, Duxbury, Mass.

"Det Loyd based the reliability of CI-A on the following. In the middle part of 1983 CI-A gave him information concerning the selling of illegal drugs. While serving a search warrant contraband was seized including Cocaine. This contraband was found where CI-A described.

"During the first part of 1984 CI-A gave Det Loyd information that drugs could be found at a certain location and while serving a search warrant, Cocaine, Marijuana, various pills, a hypodermic needle and ammunition for a rifle and handgun were found.

"During the first part of 1985 CI-A gave Det Loyd information concerning the illegal sale of drugs. While serving a search warrant a large amount of Marijuana, Cocaine and a handgun and cash were seized.

"Based on this information I am requesting a search warrant for the premises of 44 Bay Rd, Duxbury, Ma and the person of John T Morton of that address."

*States,* 356 F.2d 310, 315-316 (1st Cir. 1966). 2 LaFave, Search and Seizure § 3.7(b) (2d ed. 1987).[3]

The Commonwealth contends that the omission is not fatal because other statements in the affidavit demonstrate that the informant supplied sufficient information to enable the issuing magistrate to determine that the items would be in the defendant's home on March 9, 1985, when the warrant was issued. It notes that the affidavit states that the informant gave credible information to Detective Loyd as recently as "the first part of 1985," some two months before the issuance of the warrant. According to the Commonwealth, that fact, coupled with the nature of the property sought ("stolen or illegal" items) and the place to be searched (the defendant's home), supports an inference that the items would be present at the time the warrant was issued.

We disagree with the Commonwealth's analysis. A reading of the affidavit shows that the informant's tip in "the first part of 1985" had nothing to do with the defendant. In fact, from the affidavit, we cannot discern when the informant talked to Detective Loyd about the defendant. Even if we could infer that the informant told Detective Loyd of his observations concerning the defendant in "the first part of 1985," it is not enough to establish present probable cause because what is required is the time that the informant made his observations, not the time that he told Detective Loyd of them. See 2 LaFave, *supra,* § 3.7(b), at 88 n.56 ("[i]t must be emphasized that the time needed is the time of the facts relied upon to establish probable cause, not the time that these facts were conveyed to law enforcement authorities"). Here, there is a total absence in the affidavit of any indication concerning the time when the informant made his observations.[4]

---

[3] The fact that there is nothing in the affidavit in regard to the timing of the informant's observations distinguishes this case from those decisions where the time of the observation of the alleged criminal activity is noted in the affidavit, but there is a gap between that date and the issuance of the warrant. The claim in those cases is that the information in the affidavit is stale. See 2 LaFave, *supra,* § 3.7(a). Also see *Commonwealth* v. *Blye,* 5 Mass. App. Ct. 817 (1977); *Commonwealth* v. *Higginbotham,* 11 Mass. App. Ct. 912 (1981); *Commonwealth* v. *DiStefano,* 22 Mass. App. Ct. 535 (1986), for cases that discuss the question of "stale" information.

[4] In *Commonwealth* v. *Atchue,* 393 Mass. 343 (1984), and *Commonwealth* v. *Jordan (No. 2),* 397 Mass. 49+ (1986), the court upheld search warrants although the times of the observations of the criminal activity were not stated in the affidavits. In both cases the court stated that there were other facts before the issuing magistrate which permitted a determination of present probable cause. In *Atchue,* the firearms were stated to be in a bus terminal storage locker. The court stated that items could not be stored in such lockers for a long period of time. In *Jordan,* the court held that the omission of time of the observations of drugs was not fatal because the affiant referred to observations occurring while the police were executing a search warrant for the same place issued by the same magistrate two hours earlier.

Here, there were no other facts that would enable the issuing magistrate to determine that there was present probable cause.

Rescript Opinions.

We therefore conclude that in the circumstances in this case the suppression motion should have been allowed because there was no showing of present probable cause for the warrant to issue. Because it is apparent from this record that the Commonwealth cannot make its proof without reference to the suppressed evidence, we reverse the judgment, set aside the finding, and order judgment for the defendant.

*So ordered.*

*Martin J. Drilling (Frederick J. Watson, III, with him) for the defendant.*
*Robert P. Snell, Assistant District Attorney, for the Commonwealth.*