COMMONWEALTH *vs.* EDDY ANTONIO JAVIER (and nineteen companion cases[1]). No. 91-P-706. June 26, 1992. *Constitutional Law*, Search and seizure. *Search and Seizure*, Affidavit.

In the process of applying for a search warrant, it is a necessary element that the observations recited in a supporting affidavit be reasonably contemporaneous with the time of the application. *Commonwealth* v. *Atchue*, 393 Mass. 343, 349 (1984). *Commonwealth* v. *Morton*, 26 Mass. App. Ct. 949, 950-951 (1988). So, for example, an observation in June, 1990, would generally not support an application for a search warrant presented to a magistrate in November, 1990. It is a serious defect in an affidavit if there is nothing in it which suggests the time the informer saw the illegal items or incriminating evidence. *Rosencranz* v. *United States*, 356 F.2d 310, 315-316 (1st Cir. 1966). *Commonwealth* v. *Morton*, 26 Mass. App. Ct. at 950.

In the instant case, a judge of the Superior Court allowed a motion to suppress evidence obtained in the course of a search because the affidavit failed to state when the observations relied on in the affidavit were made. The Commonwealth received permission to pursue an interlocutory appeal from a single justice of the Supreme Judicial Court. See Mass.R.Crim.P. 15(b)(2), 378 Mass. 884 (1979). We are of opinion that there were sufficient indications in the affidavit about the time when the critical observations were made. The affidavit recites conversations during the weeks of October 21 and 28, 1990, with Informant "A" about sales "being conducted" at 438½ South Second Street, New Bedford. The present participle bespeaks contemporaneous activity. That, as the affidavit says, the police officers spoke with the informant first during the week of October 14, 1990, and then again during the weeks of October 21 and 28, when the

---

[1]Four of the companion cases are against Javier, and five each are against, respectively, Jose Ramirez, Ramon Garcia, and William Encarnacion.

informant stated that he or she had been present as sales of drugs were conducted, suggests reporting about observations made during the latter weeks. The informant is quoted as stating that eight to ten Hispanic males and females "are operating" out of the premises, i.e., the present tense is used. The reasonable inference to be drawn from the statement by the police as to what they observed at the premises is that the surveillance was confirmatory to the reports received from the informant during the weeks of October 21 and 28, 1990. The affidavit was sworn to on November 8, 1990, and issued on that date.

Of course, recitation of the dates on which the informant made his or her observations and on which the police conducted surveillance of the premises would have much improved the affidavit. We are not, however, to read affidavits mechanically or with undue insistence on technicality. *Commonwealth* v. *Germain*, 396 Mass. 413, 418 (1985). *Commonwealth* v. *Conway*, 10 Mass. App. Ct. 738, 739 (1980). There is sufficient material to make reasonable and solid inferences about when the defendants and premises were observed. See *Commonwealth* v. *Wallace*, 22 Mass. App. Ct. 247, 250 (1986). Those observations are sufficiently close in time to the issuance of the affidavit and the search made the same day.

The order suppressing the fruits of the search is reversed, and the cases may stand for trial.

*So ordered.*

*Jeremy Silverfine*, Assistant District Attorney, for the Commonwealth.
*Edward K. Boyer* for Ramon Garcia.
*Peter J. Thomas*, for Eddy Antonio Javier, *Antone B. Cruz, Jr.*, for Jose Ramirez, *& Richard Foster*, for William Encarnacion, were present but did not argue.