STATE OF HAWAII, Plaintiff-Appellee, *v.* CALVIN L. DELANEY, Defendant-Appellant

NO. 5708

MAY 11, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

20

*Per Curiam.* Defendant-appellant, Calvin Delaney, was convicted of violating HRS § 712-1244 (Promoting a Harmful Drug in the First Degree) and § 712-1243 (Promoting a Dangerous Drug in the Third Degree). The drugs in question, hashish and lysergic acid diethalomide (LSD), were seized by police from the house occupied by Mr. Delaney. The search of his residence was made pursuant to a search warrant issued by a district judge after a finding of probable cause based upon the affidavit of police officer Howard Tagomori. The officer's affidavit, in turn, was based on information received from a confidential informer.

At a hearing on motions to suppress the evidence and disclose the informer's identity, defense counsel questioned Officer Tagomori on the number of prior contacts he had had with the informer and how many of these had been drug related contacts resulting in arrests. Defense counsel was precluded by the circuit judge from asking the officer to name the cases which has resulted in guilty pleas or deferred pleas. Defense counsel also questioned Officer Tagomori on the dates and circumstances surrounding alleged prior drug sales by the defendant, witnessed by the informer and mentioned in the affidavit. Objections to several questions, including one asking Officer Tagomori to reveal the exact date on which the informer had witnessed the most recent alleged drug sale,

were sustained on the basis that such information could indirectly disclose the informer's identity. The motions to suppress the evidence and for disclosure of the informer's identity were subsequently denied.

Defendant challenges the sufficiency of the affidavit in this case to support a finding of probable cause. Defendant also claims that paragraph nine of the affidavit was deceptive and led the district judge to an erroneous finding of probable cause. Finally, the defendant objects to restrictions placed on examination of the affiant police officer at the hearing on the motions.

## I. *Sufficiency of the Affidavit*

Defendant's contention that the police officer's affidavit in this case was insufficient to support a finding of probable cause is without merit. *State v. Davenport,* 55 Haw. 90, 516 P.2d 65 (1973), and *State v. Austria,* 55 Haw. 565, 524 P.2d 290 (1974), are dispositive on this matter. In *State v. Davenport, supra,* this court applied the constitutionally mandated test adopted by the United States Supreme Court in *Aguilar v. Texas,* 378 U.S. 108, 114 (1964), to test the sufficiency of an affidavit based upon an informer's tip wherein we said

> . . . the affidavit must set out some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, *and* some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was "credible" or his information "reliable." (emphasis added) [citations omitted]

We held in *Davenport* that where the informer's conclusion that illegal activity is being conducted in a specific location is based upon the informer's personal observations, the first, or "underlying circumstances" prong of the *Aguilar* test is met. In this case, the affidavit stated in part

> . . . that on several occasions in the months of February and March, 1973, informer *witnessed* the sale and purchase of Hashish by a person informer knows to be one Calvin Delaney . . . that informer *witnessed* a sale

involving hashish by and between said Calvin Delaney and an unidentified buyer at the premises known as 280 Kee Road . . . that the above mentioned sale was made in his presence for the sum of $100 per ounce of hashish . . . . (emphasis added)

Clearly, the assertions that the informer personally observed the illegal activity bring the affidavit well with the first prong of the *Aguilar* test.

The second, or "reliability" prong of the *Aguilar* test was satisfied in *Davenport* by the affiant's assertion that the informer had provided accurate information in the past on at least eleven occasions. In *Austria, supra,* we held that where the affidavit stated that the informer had given four prior tips to the police which had resulted in the arrest of over twenty persons, the second prong of *Aguilar* had been satisfied. In this instance, Officer Tagomori's affidavit stated that

. . . affiant has had numerous contacts with said informer and knows said informer is reliable and said belief and knowledge is based on confirmation of information on other illegal drug cases provided by said informer which has resulted in approximately *nine different arrests.* (emphasis added)

Defendant contends that the reliability of the informer was not shown because the affidavit failed to state how many prior contacts Officer Tagomori had had with the informer, when the "nine different arrests" occurred, and whether any resulted in convictions.

This court has previously rejected the contention that to establish a record of reliability sufficient to support a finding of probable cause an informer's past tips need to have resulted in convictions. *(State v. Davenport, supra, State v. Austria, supra.)* In *Austria, supra* at 569, we said:

Many considerations "having nothing to do with the truth and dependability of the informer's story" may abort prosecutions or convictions, and "it would be highly technical and unnecessary" to require these results as an indispensable element for a showing of informer reliability. [citations omitted]

Further, we have often said that crucial consideration in testing the sufficiency of an affidavit with regard to an informer's reliability is whether the affidavit sets forth facts to show that the affiant police officer is justified in believing the informer's allegations of criminal activity. (See *Austria, supra* at 569.) After examining the affidavit here, we conclude, as we did in *State v. Davenport, supra,* that it established the informer's reliability to such a degree that the district judge could properly find that his tip was "probably" accurate.

## II. *Paragraph Nine of the Affidavit*

Our holding above also disposes of defendant's claim that paragraph nine of the affidavit was deceptive and misled the district judge into erroneously granting the search warrant.[1] The affidavit here was clearly sufficient for a finding of probable cause without resort to use of paragraph nine as verification of the informer's tip or as an indicia of informer reliability. Even if we had found that paragraph nine was necessary for a finding of probable cause, we have previously stated that

> . . . if the facts contained in an affidavit taken together with all reasonable inferences from those facts, support the existence of probable cause . . . this court (is) constrained to uphold that finding by a district judge even though other inferences from the facts might point to an opposite conclusion.

*Austria, supra* at 568. Finally, this court is not in any way willing to attempt a reading of the district judge's mind with regard to paragraph nine, nor are we willing to impart a deceptive motive to Officer Tagomori. The language of paragraph nine is unambiguous, and defendant's interpretation strains our credulity.

---

[1] Paragraph nine reads:
. . . affiant has investigated numerous previous alleged sales or possession of illegal drugs and in the course of at least five investigations affiant has discovered caches of illegal drugs hidden in yard and outbuildings of investigated premises;
Defendant claims that the district judge must have believed that the above statement referred to Calvin Delaney and the premises at 280 Kee Road.

### III. *Restrictions on Examination of Affiant*

Defendant also complains of restrictions on the questioning of Officer Tagomori at the hearing on the motions to suppress and to disclose the informer's identity. The record below clearly indicates that the circuit judge imposed these restrictions because he feared that answers to some questions might result in the indirect disclosure of the informer's identity.[2]

In *State v. Texeira,* 50 Haw. 138, 433 P.2d 593 (1967), we followed the U.S. Supreme Court's decision in *McCray v. Illinois,* 386 U.S. 300 (1967), and held that neither the federal nor state constitutions dictate disclosure of an informer's identity where the sole purpose is to challenge the finding of probable cause. A trial court may, in its discretion, require disclosure if it believes that the officer's testimony is inaccurate or untruthful.

Without deciding at this time how far one may go in an effort to impeach an affidavit for a search warrant, it follows from our holding in *Texeira, supra,* that it is clearly within a circuit court's discretion to disallow questions which may *indirectly* disclose an informer's identity.

We have considered defendant's final contention that knowing and unlawful possession was not proved beyond a reasonable doubt on the record below and conclude that it is without merit.

---

[2] The transcript shows the following:

THE COURT: Well, the problem, counselor is that if we take the position that the informant's identity cannot be disclosed and the information we're eliciting now is going to indirectly expose the identity —

DEFENSE COUNSEL: Well, I don't know about that. I'm not inquiring for that purpose.

THE COURT: That's the way it seems.

DEFENSE COUNSEL: Well, I don't know how we could find out.

THE COURT: I'm going to sustain the objection. You don't know how? It's very obvious to me.

DEFENSE COUNSEL: Well, if we can't inquire into that, Your Honor, then we can't inquire into factual elements which go to the sufficiency of —

THE COURT: I realize that, but now we're treading a very fine line here of whether or not the identity of the informant should or should not be disclosed. If it should be disclosed, it should be disclosed directly. If it should not be disclosed, it should not be disclosed indirectly, either.

Affirmed.

*Andrew S. Hartnett* for defendant-appellant.

*Boyd P. Mossman,* Deputy County Attorney *(Arthur T. Ueoka,* County Attorney, of counsel) for plaintiff-appellee.