STATE OF HAWAII, Plaintiff–Appellant, v. **JEROME A. SHER-LOCK**, Defendant–Appellee

NO. 12800

(CR. NO. 59477)

FEBRUARY 14, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

272

OPINION OF THE COURT BY WAKATSUKI, J.

In April, 1983 an unnamed informant told Officer Kaneta that he had previously purchased cocaine from Jerry Sherlock at Sherlock's residence at 3121 Pualei Circle, Apartment 32. Upon receiving this information, Kaneta arranged for the informant to conduct a controlled purchase of cocaine from Sherlock. The informant was searched prior to making the controlled purchase to ensure that he did not carry any contraband or any money other than the paper currency provided him by the police. Although the informant drove himself to 3121 Pualei Circle, Kaneta followed him. The informant was never out of Kaneta's sight except during the time that the informant was in Apartment 32. After the informant emerged from Apartment 32, he was again searched by Kaneta. The informant presented to Kaneta a clear heat–sealed packet containing white powder. Kaneta submitted the packet to the police department's crime laboratory for analysis where it was determined to be "possibly" cocaine.

Kaneta included all this information in an application for a warrant to search Apartment 32, 3121 Pualei Circle for drugs and other related items. A district court judge issued the requested search warrant. The results of the search contributed to Sherlock's indictment.

A motion to suppress evidence brought by Sherlock was granted by the circuit court. Upon reviewing the affidavit in support of the search warrant, the court held that the informant was not shown to be sufficiently reliable. Further, the court was concerned that the laboratory analysis revealed that the white substance was only "possibly" cocaine. These concerns led the court to conclude that the district court lacked sufficient information to support a judicial finding of probable cause for issuance of the search warrant. The warrant, therefore, was deemed invalid, and the fruits of the search were suppressed. The State appeals and we reverse.

## A.

The fourth amendment to the United States Constitution and article I, section 7 of the Hawaii Constitution provide that search warrants shall not issue except upon a finding of probable cause.

An affidavit supporting an application for a search warrant can be based on hearsay and the name of the informant need not be revealed. In such case, however, this court has adhered to the two-prong test for sufficiency developed by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108 (1964), and *Spinelli v. United States*, 393 U.S. 410 (1969). *State v. Kanda*, 63 Haw. 36, 41, 620 P.2d 1072, 1076 (1980). "[A]n affidavit in support of a search warrant where the affiant relies upon. an informer 'must reveal an adequate basis for the informer's conclusion regarding the location of the objects sought to be recovered and must further demonstrate that the affiant's trust in the informer's credibility was warranted.'" *Kanda*, 63 Haw. at 42, 620 P.2d at 1076 (quoting *State v. Yaw*, 58 Haw. 485, 486, 572 P.2d 856, 858 (1977)). *See Aguilar v. Texas, supra*; *State v. Davenport*, 55 Haw. 90, 93, 516 P.2d 65, 68 (1973).

In the more usual case where an informant's hearsay is used in an affidavit supporting a search warrant, the informant has a history of providing information to the police. Therefore, in many cases the affiant is able to provide a track record of the informant's reliability. *See, e.g., Kanda, supra* (informant gave information regarding criminal activities on 15 occasions, all of which were corroborated); *State v. Delaney*, 58 Haw. 19, 563 P.2d 990 (1977) (informant provided accurate information in the past on at least 11 occasions); *State v. Austria*, 55 Haw. 565, 524 P.2d 290 (1974) (informant gave police information concerning law violations on at least four prior occasions which were proven correct on independent verification); *State v. Davenport, supra* (informant gave information 21 times, 11 of which affiant personally verified the same).

This was not the situation in this case. The trial court stated in its findings and conclusions, "[t]he affidavit is devoid of any information regarding the prior reliability of Officer Kaneta's informant. There is nothing in the affidavit relating to the informant's prior reliability, if any, in other investigations."

It has "never [been] suggested that an averment of previous reliability was necessary. Indeed, . . . the inquiry is, as it always must be in determining probable cause, whether the informant's *present* information is truthful or reliable[.]" *United States v. Harris*, 403 U.S. 573, 581–582 (1971) (original emphasis). "While the history of prior dealings between an informant and the police can be an important element in establishing the reliability of the informant, the absence of such a history does not of itself prove the informant unreliable. The magistrate is entitled to look to the underlying circumstances, including those portions of the information independently verified by police, and to other factors supporting the probable truthfulness of the information." *United States v. Wong*, 470 F.2d 129, 131 (9th Cir. 1972).

"Corroboration by the law enforcement officer of . . . various details in the informer's report could properly support the magistrate's conclusion that the informer was truthful." *United States v. Dauphinee*, 538 F.2d 1, 4 (1st Cir. 1976). In *State v. Yaw, supra*, this court held that police surveillance which verified information provided by the informant supported a finding that the informant was reliable. In *State v. Nakachi*, 7 Haw. App. ___, 742 P.2d 388 (1987), our Intermediate Court of Appeals determined that the police were reasonable in acting upon information reported by an anonymous caller since some of the information was verified by direct police observation. (Although *Nakachi* involved a warrantless search, the standard for determining probable cause is the same.) *See also United States v. Harris, supra*, where, in response to the government's concern that first time informants could never be used, Justice Harlan, in his dissent, stated that "it will always be open to the officer to seek corroboration of the tip." 403 U.S. at 600.

Here, the informant did not have a history of reliability, but the police corroborated his given information. The informant told police that he had purchased cocaine from Sherlock in Apartment 32, at 3121 Pualei Circle. In cooperation with the police, and before returning to the same address to make a controlled purchase of contraband from Sherlock, the informant was searched to make sure he did not carry any contraband or currency other than those provided by the police. Further, he was never out of sight of Officer Kaneta except when he entered the apartment to make the purchase. In view of these circumstances, the circuit court found that the purchase was adequately controlled. Therefore, we hold

that there was sufficient corroboration which provided ample indicia of the informant's reliability.

### B.

The second reason for the trial court's invalidation of the warrant was that the laboratory report found that the substance was "possibly" cocaine.

"This Court has . . . advocated a 'commonsense and realistic,' and not 'hypertechnical,' reading of affidavits in connection with the determination of probable cause. Moreover, we are particularly mindful of the rule that great deference should be accorded to a magistrate's finding of probable cause." *State v. Kaukani*, 59 Haw. 120, 125, 577 P.2d 335, 339 (1978).

When read in isolation, the statement that a lab analysis revealed the white substance to be "possibly" cocaine would not support a finding of probable cause. But the affidavit "is not to be parsed and its severed components subjected to hypercritical analysis; rather, the affidavit is to be read as a whole[.]" *Commonwealth v. Kiley*, 11 Mass. App. 939, 940, 416 N.E.2d 980, 981 (1981). When Officer Kaneta's affidavit is read as a whole, the district judge could have reasonably inferred that probable cause existed for issuance of the warrant.

Besides, a laboratory analysis was not necessary for issuance of the warrant in this case. Even if the statement regarding the laboratory result was stricken from the affidavit, the remaining statements would adequately support a finding of probable cause for the issuance of the warrant. *See United States v. Walker*, 575 F.2d 209, 212–13 (9th Cir. 1978).

### C.

Based on the foregoing, we hold that the search warrant in question was valid, and therefore, the order suppressing evidence is reversed.

This case is remanded for further proceedings.

*Peter Van Name Esser (Willard J. Peterson* with him on the briefs), Deputy Prosecuting Attorneys, for plaintiff–appellant.

*Peter Wolff (Anthony K. Bartholomew* with him on the brief; Hart and Wolff, of counsel) for defendant–appellee.