STATE of Wisconsin, Plaintiff-Respondent,

v.

Eddie HANSON, Defendant-Appellant.†

Court of Appeals

*No. 90-2030-CR. Submitted on briefs April 2, 1991.—Decided May 21, 1991.*

(Also reported in 471 N.W.2d 301.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Virginia A. Pomeroy,* assistant state public defender, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle,* attorney general, by *Stephen W. Kleinmaier,* assistant attorney general, of Madison.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. Eddie Hanson (Hanson) appeals from a judgment convicting him of one count of cocaine possession with intent to deliver in violation of secs. 161.16(2)(b)1 and 161.41(lm)(c)3, Stats. (1987–88). Following a controlled buy by an informant, the Milwaukee Police Department obtained a no-knock search warrant for Hanson's house on North 29th Street in Milwaukee. The search produced 144 grams of cocaine and three

revolvers in Hanson's possession. Hanson was charged on September 9, 1988.

Hanson waived his right to a preliminary hearing, and on August 18, 1989, he filed a motion to suppress the evidence found during the search. Hanson contended that the search warrant was invalid because the affidavit used to get the warrant did not show informant reliability, nor was there a justification for a no-knock search. Hanson's motion was argued before, and denied by, the trial court on December 8, 1989.

Hanson pled guilty to the charge on January 25, 1990. He was sentenced to five years in prison on March 23. Hanson now appeals raising the same two arguments that he raised during the suppression motion hearing. We reject both arguments and affirm.

The first issue is whether the search warrant was invalid because it was grounded on information from an informant whose reliability had not been sufficiently proven. Hanson contends that an informant's participation in a controlled buy is insufficient grounds for the issuance of a warrant. He believes that the law requires an informant to have a "track record" established with the police.

When reviewing the sufficiency of an affidavit for a search warrant, we give great deference to the issuing magistrate's determination of probable cause.[1]

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information,

---

[1]*State v. Anderson,* 138 Wis. 2d 451, 469, 406 N.W.2d 398, 407 (1987).

there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.[2]

Hence, this leaves the warrant-issuing magistrate a totality-of-the-circumstances test to apply in determining whether there is probable cause to issue a warrant.[3]

In this case, the totality-of-the-circumstances test was clearly met by the controlled buy. One author has stated that one "situation in which the corroboration will suffice to show veracity is that in which the informant has not been working independently, but rather has cooperated closely with the police, as is true when the information makes a controlled purchase of narcotics."[4] Detective Richard Tarczynski, in his affidavit supporting the request for the search warrant, stated that the informant had told him that he could purchase cocaine at the North 29th Street address. Having taken the informant to the address, Tarczynski searched him, gave him money to buy cocaine, watched the informant enter the residence, return from the residence, and come directly to him. Tarczynski then received cocaine from the informant and searched him to show that the informant had neither money nor additional drugs on his person nor in his clothes. The substance was immediately field tested and later tested at the crime laboratory. Both tests were positive for cocaine.

[2]*Illinois v. Gates,* 462 U.S. 213, 238–39 (1983) (citation omitted); *see Anderson,* 138 Wis. 2d at 468, 406 N.W.2d at 406.

[3]*See Anderson,* 138 Wis. 2d at 468, 406 N.W.2d at 406.

[4]1 W.R. LaFave, *Search and Seizure* sec. 3.3(f), at 686 (2d ed. 1987).

██ A rigorous controlled buy of this nature satisfies the probable cause requirement for issuing a search warrant. Other jurisdictions have permitted the issuance of a search warrant based on evidence given by a first-time informant on a controlled buy.[5] After all, there must always be a first time for the use of an informant, and if sufficient care is taken to verify his or her information, such as through a controlled buy, there is no constitutional reason for us to consider it insufficient.[6]

██ Hanson's second argument is that the affidavit used to support getting the search warrant was insufficient in particularities to justify a no-knock entry. The Wisconsin Supreme Court has held that:

> where the affidavit in support of a petition for a search warrant sets forth special circumstances with sufficient particularity to show reasonable cause to believe that circumstances presently exist which justify a no-knock entry, the judge may include in the warrant specific authority to enter the premises without an announcement of presence and purpose and

---

[5]*See, e.g., Dannelley v. State,* 397 So. 2d 555, 567 (Ala. Crim. App. 1981) (a first-time informant gave information to the police, and a controlled buy was used to verify information); *State v. Sherlock,* 768 P.2d 1290, 1293 (Haw. 1989) (an informant with no history of reliability gave information to the police, a controlled buy ensued, and informant deemed sufficiently reliable for upholding search warrant); *State v. Knowlton,* 489 A.2d 529, 532–33 (Me. 1985) (an informant from New Jersey gave information to the Maine police who executed a controlled buy and verified informant's history with the New Jersey police. This was sufficient under totality-of-the-circumstances to issue search warrant).

[6]*Dannelley,* 397 So. 2d at 567.

without allowing time for the door to be opened.[7]

We have recently held that a police officer's knowledge that a drug dealer is armed satisfies the above requirements for the issuance of a no-knock search warrant.[8]

In this case, the police had knowledge through their informant that Hanson was armed. This was sufficient information for the trial court to issue the no-knock search warrant. Hanson's constitutional right against unlawful search was not violated.

*By the Court.*—Judgment affirmed.

---

[7]*State v. Cleveland,* 118 Wis. 2d 615, 626–27, 348 N.W.2d 512, 518–19 (1984).

[8]*See State v. Watkinson,* 161 Wis. 2d 750, 756, 468 N.W.2d 763, 766 (Ct. App. 1991).